## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GREGORY PARRY,

      Plaintiff,

v.

HOSPICE OF MICHIGAN, INC., *a*
*Michigan non-profit corporation*,

      Defendant.

Case No.

Hon.

Mag. Judge

_____/

Sarah S. Prescott (P70510)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
(248) 679-8711
*prescott@sppplaw.com*

Kenneth M. Mogill (P17865)
MOGILL, POSNER & COHEN
*Attorneys for Plaintiff*
27 E Flint St, 2nd Floor
Lake Orion, MI 48362
(248) 814-9470
*kmogill@bignet.net*

_____/

## **COMPLAINT AND JURY DEMAND**

Plaintiff Gregory Parry, by his undersigned attorneys, brings this Complaint

pursuant to the False Claims Act, 31 U.S.C. § 3729 et seq., MCL 400.610c and the

common law of the State of Michigan.

## PARTIES, JURISDICTION AND VENUE

1.      Plaintiff Gregory Parry (referred to herein as "Plaintiff" or "Mr. Parry") is an individual who resides in Michigan.

2.      Defendant Hospice of Michigan, Inc., frequently d/b/a NorthStar Care Community, is the largest non-profit hospice and palliative care provider throughout lower Michigan and is affiliated with subordinate Michigan-based non-profit hospice and palliative care entities including Arbor Hospice, Inc., NorthStar Palliative Care, Inc., and Supportive Care Services of Michigan, Inc., formerly d/b/a @HOMe Support, now d/b/a NorthStar Solutions Group.  Defendant Hospice of Michigan's principal place of business is in this District.

3.      This Court has subject matter jurisdiction over this action pursuant to 31 U.S.C. § 3732(a) and 28 U.S.C. § 1331, in that this action arises under the laws of the United States.

4.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1391(c), and also pursuant to 31 U.S.C. § 3732(a), because Defendant transacts business within this District and acts proscribed by the False Claims Act occurred within this District.

5.      This Court has supplemental jurisdiction over Plaintiff's closely related state law claims pursuant to 28 U.S.C. § 1367.

2

## GENERAL ALLEGATIONS

6.     In October 2015, Plaintiff was hired at Defendant Hospice of Michigan as Director of Contract Services.

7.     Based on his excellent performance of duties, Plaintiff was thereafter promoted multiple times.

8.     Immediately prior to the termination of his employment, Plaintiff served as Assistant Vice President of Hospice of Michigan, Arbor Hospice, and NorthStar Palliative Care, and Vice President of Supportive Care Services of Michigan, Inc. d/b/a NorthStar Solutions Group.

9.     On July 20, 2021, less than seven months after Plaintiff's most recent promotion, Defendant terminated Plaintiff's employment without any forewarning or any lawful basis.

10.     Defendant unlawfully terminated Plaintiff's employment because Plaintiff had engaged and was engaged in activities protected under State and Federal laws, specifically including but not limited to (a) opposing longstanding, serious, unlawful activities by Defendant, (b) appropriately gathering information and preparing for the disclosure of Defendant's unlawful activities as required by statute and/or regulation, (c) refusing to participate in Defendant's unlawful activities and (d) refusing to participate in a cover-up of Defendant's unlawful activities.

3

11.    At the time of terminating Plaintiff's employment, a senior executive of Defendant directly linked the decision to terminate his employment with Plaintiff's unwillingness to participate or acquiesce in Defendant's unlawful conduct, including but not limited to falsely claiming that Plaintiff's attitude had suddenly become "hostile" while also implicitly admitting Defendant's unlawful course of conduct.

## COUNT I
## RETALIATION IN VIOLATION OF
## 31 U.S.C. § 3730(h)

12.    Plaintiff incorporates here all previously stated allegations.

13.    Defendant employed Plaintiff within the meaning of the anti-retaliation provision of the Federal False Claims Act.

14.    Plaintiff engaged in activity protected under the Act, and his superiors at Defendant knew that his activity was protected under the Act.

15.    Defendant terminated Plaintiff's employment despite the fact that Plaintiff performed his job satisfactorily or better, including as reflected in an unbroken string of surveys and evaluation—including an evaluation carried out just days before terminating Plaintiff's employment.

16.    Defendant terminated Plaintiff's employment because Defendant was aware that Plaintiff knew of Defendant's unlawful conduct, knew of its efforts to conceal that unlawful conduct and knew that Plaintiff refused to participate or

acquiesce in the unlawful conduct or its equally unlawful concealment and refused to condone and join in Defendant's plans to eschew legally mandated self-disclosure, reimbursement, and related processes.

17.    Defendant's termination of Plaintiff's employment violated 31 U.S.C. § 3730(h) as a knowing and direct result of his having engaged in the protected activities described above.

18.    Defendant's actions are the direct and proximate cause of damage to Plaintiff, including but not limited to (a) loss of past and future earnings and earning capacity, (b) the value of fringe, profit-sharing and retirement benefits, (c) mental and emotional distress, embarrassment, humiliation and anxiety about the future, (d) damage to his good name and reputation, and (e) loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of his choice.

## COUNT II
## RETALIATION IN VIOLATION OF MICHIGAN PUBLIC POLICY

19.    Plaintiff incorporates here all previously stated allegations.

20.    During the course of his employment with Defendant, Plaintiff refused to violate the law, refused to acquiesce and participate in violations of the law and internally opposed Defendant's unlawful policies and practices.

21.     Defendant's retaliation against Plaintiff was motivated by Plaintiff's refusal to violate the law or acquiesce in violations of law and for his vocal opposition to Defendant's unlawful policies and practices.

22.     Defendant's retaliation against Plaintiff violated clearly established public policy of the State of Michigan that an employer may not retaliate against an employee where the reason for the retaliation was the employee's failure or refusal to violate a law or rules and regulations of the State of Michigan or the United States during the course of employment.

23.     As a direct and proximate result of the violation, Plaintiff has sustained injuries and damages, including but not limited to (a) loss of past and future earnings and earning capacity, (b) the value of fringe, profit-sharing and retirement benefits, (c) mental and emotional distress, embarrassment, humiliation and anxiety about the future, (d) damage to his good name and reputation, and (e) loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of his choice.

**COUNT III**
**RETALIATION IN VIOLATION OF MCL 400.610c**

24.     Plaintiff incorporates here all previously stated allegations.

25.     Defendant is an employer within the meaning of MCL 400.601 et seq., the Medicaid False Claim Act.

26.    Plaintiff had a right pursuant to MCL 400.610c to be free from retaliation because of his participation in an investigation into activity prohibited by the Medicaid False Claim Act.

27.    Defendant, by and through its agents, was aware that Plaintiff had investigated activity prohibited by the Medicaid False Claim Act and its Michigan and federal statutory counterparts.

28.    Defendant, by and through its agents, terminated Plaintiff's employment because of his participation in an investigation into activities prohibited by the Medicaid False Claim Act and its statutory counterparts.

29.    Defendant's actions were intentional and in disregard of Plaintiff's rights and sensibilities.

30.    As a direct and proximate result of Defendant's violation of Plaintiff's rights as alleged, Plaintiff has sustained injuries and damages, including but not limited to (a) loss of past and future earnings and earning capacity, (b) the value of fringe, profit-sharing and retirement benefits, (c) mental and emotional distress, embarrassment, humiliation and anxiety about the future, (d) damage to his good name and reputation, and (e) loss of the ordinary pleasures of everyday life, including the right to pursue gainful occupation of his choice.

## RELIEF REQUESTED

For all the foregoing reasons, Plaintiff demands judgment against Defendant as follows:

1. Compensatory damages in whatever amount he is found to be entitled;

2. Exemplary damages in whatever amount he is found to be entitled;

3. Punitive damages in whatever amount he is found to be entitled;

4. A judgment for lost wages and benefits;

5. An award of interest, costs and reasonable attorney fees; and

6. Such further relief as equity and justice require in the circumstances.

Respectfully submitted,
SALVATORE PRESCOTT
PORTER & PORTER, PLLC

*/s/ Sarah S. Prescott*
By:  Sarah S. Prescott (P70510)
Attorneys for Plaintiff
105 East Main Street
Northville, MI 48167
(248) 679-8711
prescott@spplaw.com

and

MOGILL, POSNER & COHEN

*/s/ Kenneth M. Mogill*
By:  Kenneth M. Mogill (P17865)
Attorneys for Plaintiff
27 E Flint St, 2nd Floor
Lake Orion, MI 48362
(248) 814-9470
kmogill@bignet.net

Dated:  June 15, 2022

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial in the above-captioned matter.

Respectfully submitted,

SALVATORE PRESCOTT PORTER &
PORTER, PLLC

*/s/ Sarah S. Prescott*
By: Sarah S. Prescott (P70510)
Attorneys for Plaintiff
105 East Main Street
Northville, MI 48167
(248) 679-8711
prescott@sppplaw.com

and

MOGILL, POSNER & COHEN

*/s/ Kenneth M. Mogill*

By: Kenneth M. Mogill (P17865)
Attorneys for Plaintiff
27 E Flint St, 2nd Floor
Lake Orion, MI 48362
(248) 814-9470
kmogill@bignet.net

Dated: June 15, 2022