UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

     Plaintiff

                              HON. DENISE PAGE HOOD

v.                            CASE NO. 2:22-CV-11328

HOSPICE OF MICHIGAN, INC.,
a Michigan non-profit corporation,

     Defendant.

_____/

Sarah S. Prescott (P70510)
SALVATORE PRESCOTT PORTER
   & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI  48167
(248) 679-8711
prescott@sppplaw.com

Kenneth M. Mogill (P17865)
MOBILL, POSNER & COHEN
*Attorneys for Plaintiff*
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362
(248) 814-9470
kmogill@bignet.net

David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
DICKINSON WRIGHT PLLC
*Attorneys for Defendant*
500 Woodward Ave.
Suite 4000
Detroit, MI  48226
(313) 223-3048
(313) 223-3126
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com

## **DEFENDANTS' MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendants, Hospice of Michigan, Inc. ("HOM") and Robert Cahill, Patrick Miller, and Lee Ann Myers (the "Individual Defendants" and, together with HOM, the "Defendants"), by and through their attorneys, Dickinson Wright PLLC, hereby respectfully move this Court for an order dismissing in part Plaintiff Gregory Parry's ("Plaintiff") First Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of their Motion, Defendants rely upon the authorities, argument, and facts set forth in the accompanying brief.

Pursuant to Local Rule 7.1(a), Defendants sought concurrence from Plaintiff on August 2, 2022, whereby the undersigned requested concurrence by email. On August 2, 2022, Plaintiff denied concurrence.

WHEREFORE, Defendants request that the Court grant their Motion and partially dismiss Plaintiff's First Amended Complaint with prejudice and dismiss Counts I and II in their entirety, and Count III as against the Individual Defendants.

Defendants also respectfully request that the Court award any other relief to which Defendants may be entitled, and as the Court deems appropriate.

DICKINSON WRIGHT PLLC

By: _/s/ David R. Deromedi_
    David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
500 Woodward Avenue, Suite 4000
Detroit MI 48226   (313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com

Dated: August 3, 2022    *Attorneys for Defendant*

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

     Plaintiff

                            HON. DENISE PAGE HOOD

v.                           CASE NO. 2:22-CV-11328

HOSPICE OF MICHIGAN, INC.,
a Michigan non-profit corporation,

     Defendant.

                                                  /

Sarah S. Prescott (P70510)
SALVATORE PRESCOTT PORTER
   & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI  48167
(248) 679-8711
prescott@sppplaw.com

Kenneth M. Mogill (P17865)
MOBILL, POSNER & COHEN
*Attorneys for Plaintiff*
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362
(248) 814-9470
kmogill@bignet.net

David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
DICKINSON WRIGHT PLLC
*Attorneys for Defendant*
500 Woodward Ave.
Suite 4000
Detroit, MI  48226
(313) 223-3048
(313) 223-3126
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com

**BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO PARTIALLY
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

## **TABLE OF CONTENTS**

I.  INTRODUCTION ...................................................................................1
II. STATEMENT OF FACTS ......................................................................2
    A.  Plaintiff's Employment at HOM. ..............................................2
    B.  Plaintiff's Claims Against Defendants. .....................................3
    C.  Plaintiff's Allegations Concerning the Individual Defendants. ...........4
        1.  Lee Ann Myers...............................................................4
        2.  Robert Cahill .................................................................5
        3.  Patrick Miller .................................................................5
III. STANDARD OF REVIEW ...................................................................5
IV. ARGUMENT........................................................................................6
    A.  The Court Should Dismiss Plaintiff's FCA Retaliation Claims. .........6
        1.  Plaintiff fails to state a prima facie case of FCA retaliation.......7
        2.  There is no individual liability for FCA retaliation claims.........9
    B.  Plaintiff Fails to State a Claim for Public Policy Wrongful
        Discharge. ................................................................................10
        1.  The FCA and MFCA Preempt Plaintiff's Wrongful Discharge in
            Violation of Public Policy Claims. ...........................................10
        2.  Plaintiff fails to state public policy claims against the Individual
            Defendants. .............................................................................13
    C.  Plaintiff's MFCA Claims Against the Individual Defendants Should
        be Dismissed...........................................................................15
V.  CONCLUSION....................................................................................18

# TABLE OF AUTHORITIES

**Cases**

*Abou–Hussein v. Sci. Applications Int'l Corp.*, No. CIV.A. 2:09-1858-RMG, 2012 WL 6892716 (D.S.C. May 3, 2012) .........................................................11

*Alexander v. Elec. Data Sys. Corp.*, 870 F. Supp. 749 (E.D. Mich. 1994) ...... 15, 17

*Ashcroft v. Iqbal*, 556 U.S. 662 (2009) ............................................................... 5, 16

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)................................................5

*Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365 (6th Cir. 2011) ...........6

*Crockett v. Complete Fitness Rehab., Inc.*, 721 F. App'x 451 (6th Cir. 2018)6, 7, 12, 13, 14

*Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 503 N.W.2d 645 (1993) .............13

*El-Khalil v. Usen*, No. 18-12759, 2021 WL 130962 (E.D. Mich. Jan. 14, 2021) 7

*Harris v. River Rouge Housing Com'n*, No. 11-14030, 2013 WL 1314961 (E.D. Mich. Mar. 29, 2013) ...................................................................................14

*Howell v. Town of Ball*, No. CIV.A. 12-951, 2012 WL 6680364 (W.D. La. Dec. 21, 2012)....................................................................................................11

*Kimmelman v. Heather Downs Mgmt. Ltd.*, 278 Mich. App. 569 (2008) ........ 12, 13

*Landin v. Healthsource Saginaw, Inc.*, 305 Mich. App. 519 (2014)......................12

*Lipka v. Advantage Health Grp., Inc.*, No. 13-CV-2223, 2013 WL 5304013 (D. Kan. Sept. 20, 2013) ....................................................................................11

*McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508 (6th Cir. 2000)..................9

*Mikhaeil v. Walgreens Inc.*, No. 13-14107, 2015 WL 778179 (E.D. Mich. Feb. 24. 2015) ........................................................................................................ 13, 14

*Monsour v. N.Y. State Office for People with Development Disabilities*, No. 1:13-CV-0336 TJM CFH, 2014 Wl 975604 (N.D.N.Y. Mar. 12, 2014)...........10

*Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873 (6th Cir. 2006) ..................8

*Scott v. Metro. Health Corp.*, 234 F. App'x 341 (6th Cir. 2007) ............................7

*Strubbe v. Crawford Cty. Mem'l Hosp.*, 915 F.3d 1158 (8th Cir. 2018)................11

*Suchodolski v. Mich. Consol. Gas Co.*, 412 Mich. 692 (1982) ..............................12

*United States v. Wal-Mart Stores E., LP*, 858 F. App'x 876 (Mem) (6th Cir. 2021) ............................................................................................... 8, 9, 18

*Velez v. Gilead Sciences, Inc.*, No. 1:19-cv-3299-AT, 2021 WL 1922936 (N.D. Ga. Feb. 8, 2021) ....................................................................................11

*Villamizar v. Senior Care Pharm. Servs., Inc.*, No. 2:14-cv-01737-TLN-KJN, 2022 WL 755218  (E.D. Cal. Feb. 7, 2022) ......................................................10

*Wilkins v. State of Ohio*, 145 F.3d 1333 (6th Cir. 1998) ........................................10

*Yanity v. J & B Med. Supply Co., Inc.*, No. 08-11825, 2012 WL 4811288 (E.D. Mich. Oct. 10, 2012)..........................................................................................18

*Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559 (6th Cir. 2003) ..................................9

**Statutes**

31 U.S.C. § 3730(h)(1).................................................................................... 1, 3, 6

MCL 400.602 ..........................................................................................................16

MCL 400.610c ........................................................................................................16

## <u>STATEMENT OF ISSUES PRESENTED</u>

1. Whether Plaintiff's FCA retaliation claims should be dismissed because Plaintiff fails to state facts sufficient to plausibly plead a claim upon which relief can be granted.

2. Whether Plaintiff's FCA retaliation claims against the Individual Defendants should be dismissed because the FCA neither provides for nor permits individual liability for FCA retaliation claims.

3. Whether Plaintiff's wrongful discharge in violation of public policy claims should be dismissed because they are preempted by his FCA retaliation claims.

4. Whether Plaintiff's wrongful discharge in violation of public policy claims against the Individual Defendants should be dismissed because Plaintiff does not plausibly state a claim against them.

5. Whether Plaintiff's MFCA retaliation claims against the Individual Defendants should be dismissed because the Court should conclude there is no individual liability for such claims, and, even if there were, Plaintiff does not plausibly state a claim against them.

## <u>MOST CONTROLLING OR APPROPRIATE AUTHORITY</u>

Fed. R. Civ. P. 12(b)(6)

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)

*Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009)

## I.   <u>INTRODUCTION</u>

Before the Court is Plaintiff Gregory Parry's ("Plaintiff") First Amended Complaint ("FAC"), in which he brings three unsupportable claims, alleging that he was terminated in retaliation for engaging in purported protected activity. Specifically, the FAC alleges:

- Retaliation in Violation of the False Claims Act ("FCA"), 31 U.S.C. § 3730(h) (Count I)
- Retaliation in Violation of Michigan Public Policy (Count II)
- Retaliation in Violation of the Medicaid False Claim Act ("MFCA"), MCL 400.610c (Count III)

Plaintiff has exactly **_one_** factual allegation against one of the Individual Defendants. According to Plaintiff, this alone is sufficient to state three claims against all three Individual Defendants. Plaintiff sorely mistaken. As set forth herein, all of Plaintiff's claims against the Individual Defendants are subject to immediate dismissal, and Plaintiff's FCA and wrongful discharge in violation of public policy claims are subject to dismissal in their entirety.

First, Plaintiff fails to state a *prima facie* case of FCA retaliation against any of the Defendants, and, as such, the Court should dismiss Count I completely for failure to state a claim. Moreover, there is no individual liability for FCA retaliation

as a matter of law, and, as such, Plaintiff's FCA retaliation claims against the Individual Defendants are subject to immediate dismissal on that basis alone.

Second, Plaintiff's wrongful discharge in violation of public policy claim is preempted by Plaintiff's FCA retaliation claim, and, therefore, subject to dismissal in full. And, even if it were not preempted, Count II should be dismissed as to the Individual Defendants because Plaintiff alleges no facts to support personal liability as to them, and consequently, fails to plausibly plead a claim upon which relief can be granted.

Finally, Plaintiff fails to allege a plausible MFCA retaliation claim against any of the Individual Defendants. Therefore, Defendants respectfully request that the Court grant their Motion in full, and dismiss all of Plaintiff's claims against the Individual Defendants, and dismiss Counts I and II in their entirety.

## II.   <u>STATEMENT OF FACTS</u>[1]

### A. Plaintiff's Employment at HOM.

Plaintiff began work at Hospice of Michigan, Inc. ("HOM") in 2015 as Director of Contract Services. (FAC ¶ 9.) HOM is a large non-profit hospice and palliative care provider, providing these services throughout lower Michigan. (*Id.* ¶ 2.) HOM terminated Plaintiff's employment on July 20, 2021. At the time of his

---

[1] Pursuant to Federal Rule of Civil Procedure 12(b)(6) and for purposes of this Motion only, Defendants accept as true the facts as alleged in the FAC.

2

termination, he was serving as Assistant Vice President of HOM and affiliates Arbor Hospital, and NorthStar Palliative Care, and Vice President of Supportive Care Services of Michigan, Inc. d/b/a NorthStar Solutions Group. (*Id.* ¶ 11.)

### B. Plaintiff's Claims Against Defendants.

Plaintiff filed his FAC on July 20, 2022. Although Plaintiff neglected to add the Individual Defendants to the caption, and as of the date of this filing the Individual Defendants have not been served in this matter, Defendants assume that, based on the language of the FAC (*see, e.g.*, FAC ¶¶ 3–5), Plaintiff purports to add Robert Cahill, Patrick Miller, and Lee Ann Meyers (sic)[2] as defendants in this case.

Plaintiff raises three counts in his FAC:[3]

> Count I: Retaliation in Violation of 31 U.S.C. § 3730(h) (FAC ¶¶ 15–21)
>
> Count II: Retaliation in Violation of Michigan Public Policy (FAC ¶¶ 22–26)
>
> Count III: Retaliation in Violation of MCL 400.610c (FAC ¶¶ 27–33)

---

[2] Plaintiff has incorrectly spelled Ms. Myers' name in the FAC.  This Brief will use the correct spelling of her name hereafter.

[3] Plaintiff does not indicate which claims are alleged against which Defendants. For purposes of this Motion, Defendants assume that Plaintiff brings all counts against all parties.

Although Plaintiff lodges three separate counts, his basic claim is that Defendants terminated his employment because he "had engaged and was engaged in activities protected under State and Federal laws," namely:

> (a) opposing longstanding, serious, unlawful activities by Defendants,
>
> (b) appropriately gathering information and preparing for the disclosure of Defendants' unlawful activities as required by statute and/or regulation,
>
> (c) refusing to participate in Defendants' unlawful activities and
>
> (d) refusing to participate in a cover-up of Defendants' unlawful activities.

(FAC ¶ 13.)

### C. Plaintiff's Allegations Concerning the Individual Defendants.[4]

#### 1. Lee Ann Myers

Plaintiff alleges that Myers has been Executive Vice President and CFO of HOM since 2017, having previously held other director, executive, and officer positions since joining HOM back in 2000. (FAC ¶ 5.) Plaintiff alleges that Myers "directly linked" HOM's decision to terminate Plaintiff's employment "with Plaintiff's unwillingness to participate or acquiesce in Defendants' unlawful conduct, including but not limited to falsely claiming that Plaintiff's attitude had

---

[4] Defendants deny these allegations.

4

suddenly become 'hostile' while also implicitly admitting Defendants' unlawful course of conduct." (*Id.* ¶ 14.)

### 2. *Robert Cahill*

Plaintiff alleges that Cahill has been President and CEO of HOM since 2014, after previously having held other executive and officers positions over the years since joining HOM in 1998. (FAC ¶ 3.) Plaintiff alleges that Myers "directly linked the decision to terminate" Plaintiff's employment with Plaintiff's alleged protected activity with Cahill's "required approval." (*Id.* ¶ 14.)

### 3. *Patrick Miller*

Plaintiff alleges that Miller has been Executive Vice President and COO of HOM since 2014, having previously held other director, executive, and officer positions since joining HOM in 2007. (FAC ¶ 4.) Plaintiff alleges that Miller "apparent[ly] acquiesce[ed]" in Myers' "directly link[ing] the decision to terminate" Plaintiff's employment with Plaintiff's alleged protected activity. (*Id.* ¶ 14.)

### III.   <u>STANDARD OF REVIEW</u>

Federal Rule of Civil Procedure 12(b)(6) requires that Plaintiff assert factual allegations sufficient to establish that his claims are "plausible on [their] face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). Under the two-step process set forth in *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009), the Court should disregard "mere recitals of the elements of a cause of action, supported by mere conclusory statements." Then, the Court should review any remaining allegations to

determine whether they "plausibly" entitle Plaintiff to relief. *Id.* at 680 (quoting *Twombly*, 550 U.S. at 567). The "mere possibility of misconduct" is not enough. *Id.* at 679. To that end, a complaint that does not demonstrate the "when, where, in what or by whom" to support conclusory allegations fails to state a claim. *Center for Bio-Ethical Reform v. Napolitano*, 648 F.3d 365, 373 (6th Cir. 2011).

## IV.   <u>ARGUMENT</u>

### A. The Court Should Dismiss Plaintiff's FCA Retaliation Claims.

"The FCA protects employees from discharge 'because of lawful acts done by the employee . . . in furtherance of . . . efforts to stop . . . violations of [the FCA].'" *U.S. ex rel. Crockett v. Complete Fitness Rehab., Inc.*, 721 F. App'x 451, 460 (6th Cir. 2018) (quoting 31 U.S.C. § 3730(h)(1). To state a *prima facie* case of FCA retaliation, Plaintiff must show that "(i) he engaged in protected activity, (ii) [Defendants] knew of this exercise of his protected rights, (iii) [Defendants] took an employment action adverse to him, and (iv) there was a causal connection between the protected activity and the adverse action." *El-Khalil v. Usen*, No. 18-12759, 2021 WL 130962, at *6 (E.D. Mich. Jan. 14, 2021) (citing *Scott v. Metro. Health Corp.*, 234 F. App'x 341, 346 (6th Cir. 2007)). Plaintiff fails to do so; Plaintiff has not adequately pled any facts to support that Defendants retaliated against her in violation of the FCA.

6

*1.  Plaintiff fails to state a* prima facie *case of FCA retaliation.*

Although FCA retaliation claims are not subject to the same heightened pleading standards that FCA claims are, Plaintiff does not state sufficient facts – under any standard – to state a *prima facie* case of retaliation.

First, Plaintiff fails to plausibly allege that he engaged in activity protected by the FCA. *Crockett*, 721 F. App'x at 452–53. Unlike the plaintiff in *Crockett*, Plaintiff wholly fails to identify any specific actions, demands, or requests by Defendants that allegedly violate the FCA or that he reasonably believed violated the FCA. In fact, Plaintiff does not allege any specific actions, demands, or requests by Defendants ***at all***. He does not identify any alleged unlawful or fraudulent acts. He does not allege any unnecessary or inappropriate treatments. He does not allege any improper coding or over-billing. Indeed, he does not allege any over-payments of any kind.

Instead, Plaintiff relies on mere legal conclusions, such as *"Plaintiff engaged in activity protected under the Act"* and *"Plaintiff had engaged and was engaged in . . . opposing longstanding, serious, unlawful activities by Defendants."* (FAC ¶¶ 13, 17.) What activities? How did Plaintiff "oppose" them? Conclusory allegations such as these are insufficient to state a claim. *United States v. Wal-Mart Stores E., LP*, 858 F. App'x 876, 878 (Mem) (6th Cir. 2021).

Similarly, Plaintiff baldly alleges that he engaged in the protected activity of "appropriately gathering information and preparing for the disclosure of Defendants'

unlawful activities as required by statute and/or regulation" (FAC ¶ 13). What information? Disclosure of what? How did he prepare? Which statutes and/or regulations? Consistent with Sixth Circuit precedent, the Court should reject Plaintiff's "mere assertions and unsupported [and] unsupportable conclusions." *Id.* (quoting *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 876 (6th Cir. 2006)).

Second, Plaintiff's FCA retaliation claim fails because "he failed to plead that [Defendants] knew he was pursuing an FCA action." *Wal-Mart Stores*, 858 F. App'x at 880. Under the FCA, "[e]mployees 'must make clear their intentions of bringing or assisting in an FCA action' to show retaliation." *Id.* (quoting *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 568 (6th Cir. 2003)). "Even when an employee tells their employer that they have witnessed illegal conduct and that other companies have incurred FCA liability for similar conduct, that fails to establish that an employee is pursuing an FCA action." *Id.* (citing *McKenzie v. BellSouth Telecomms., Inc.*, 219 F.3d 508, 518 (6th Cir. 2000) (noting that telling an employer about their alleged regulatory violations was not sufficient to satisfy this requirement)).

For example, in *Wal-Mart Stores*, it was not enough that the plaintiff "claim[ed] he told his superiors about the allegedly false prescriptions." *Id.* Here, Plaintiff does not even do half as much. Plaintiff does not identify any communications with Defendants in which he refused to comply with requests to violate the FCA or any other efforts he engaged in to stop purported FCA violations.

8

Once again, Plaintiff relies on conclusory statements containing no actual facts: *"Defendants were aware that Plaintiff knew of Defendants' unlawful conduct."* (FAC ¶ 19.) As the court did in *Wal-Mart Stores*, the Court should dismiss Plaintiff's FCA retaliation claim.

Ultimately, and most fundamentally, Plaintiff does not identify any conduct by Defendants that allegedly violates the FCA, and, consequently, Plaintiff does not – and cannot – explain how he endeavored to stop any FCA violations. Therefore, the Court should dismiss Count I in its entirety for failure to state a claim upon which relief can be granted.

2.      *There is no individual liability for FCA retaliation claims*

Further, even if Plaintiff plausibly pled an FCA retaliation claim, Plaintiff's purported FCA retaliation claims fail as against the Individual Defendants because there is no individual liability for FCA retaliation claims. *U.S. ex rel. Wilkins v. State of Ohio*, 145 F.3d 1333, at *3 (6th Cir. 1998). "Numerous courts have held that individual defendants – *e.g.*, coworkers, supervisors, or corporate officers who are not employers, or who lack of contractor or agency relationship with the plaintiff – cannot be held liable for retaliation under the FCA." *Villamizar v. Senior Care Pharm. Servs., Inc.*, No. 2:14-cv-01737-TLN-KJN, 2022 WL 755218, at *3 (E.D. Cal. Feb. 7, 2022); *see also Monsour v. N.Y. State Office for People with Development Disabilities*, No. 1:13-CV-0336 TJM CFH, 2014 Wl 975604, at *11

9

(N.D.N.Y. Mar. 12, 2014); *Lipka v. Advantage Health Grp., Inc.*, No. 13-CV-2223, 2013 WL 5304013, at *12 (D. Kan. Sept. 20, 2013); *U.S. ex rel. Abou–Hussein v. Sci. Applications Int'l Corp.*, No. CIV.A. 2:09-1858-RMG, 2012 WL 6892716, at *3 (D.S.C. May 3, 2012), *aff'd*, 475 F. App'x 851 (4th Cir. 2012); *Howell v. Town of Ball*, No. CIV.A. 12-951, 2012 WL 6680364, at *2 (W.D. La. Dec. 21, 2012), *aff'd*, 827 F.3d 515, 529 (5th Cir. 2016) (affirming district court's conclusion that plaintiff could not maintain FCA retaliation claim against individual defendants). It is well-established that "a plaintiff cannot bring an FCA whistleblower retaliation provision against a supervisor or manager." *Velez v. Gilead Sciences, Inc.*, No. 1:19-cv-3299-AT, 2021 WL 1922936, at *7 (N.D. Ga. Feb. 8, 2021) (citing *U.S. ex. rel. Strubbe v. Crawford Cty. Mem'l Hosp.*, 915 F.3d 1158, 1167 (8th Cir. 2018)).

Therefore, the Court should dismiss Count I of Plaintiff's FAC in its entirety.

**B. Plaintiff Fails to State a Claim for Public Policy Wrongful Discharge.**

> *1.   The FCA and MFCA Preempt Plaintiff's Wrongful Discharge in Violation of Public Policy Claims.*

Plaintiff's wrongful discharge in violation of public policy claims are preempted by his FCA and MFCA retaliation claims and Count II should be dismissed in full for that reason alone. *See Crockett*, 721 F. App'x at 462 (holding that district court properly dismissed Michigan public policy claim). "'Public policy' proscribing termination of at-will employment is 'most often' used in three

10

situations: (1) 'adverse treatment of employees who act in accordance with a statutory right or duty,' (2) an employee's 'failure or refusal to violate a law in the course of employment,' or (3) an 'employee's exercise of a right conferred by a well-established legislative enactment.'" *Kimmelman v. Heather Downs Mgmt. Ltd.*, 278 Mich. App. 569, 573 (2008) (quoting *Suchodolski v. Mich. Consol. Gas Co.*, 412 Mich. 692, 695–696 (1982)). Courts have repeatedly declined to expand this list. *Landin v. Healthsource Saginaw, Inc.*, 305 Mich. App. 519, 526 (2014). "Public policy" must be "clearly rooted in the law." *Id.* at 525. As such, it may only be derived from "objective sources," such as, for example, statutes. *Id.* at 526.

Under Michigan law, "where there exists a statute explicitly proscribing a particular adverse employment action, that statute is the exclusive remedy, and no other 'public policy' claim for wrongful discharge can be maintained." *Kimmelman*, 278 Mich. App. at 573. Put differently, wrongful discharge in violation in public policy claims can only exist "where there also is not an applicable statutory prohibition against discharge in retaliation for the conduct at issue." *Crockett*, 721 F. App'x at 462 (quoting *Dudewicz v. Norris-Schmid, Inc.*, 443 Mich. 68, 503 N.W.2d 645, 650 (1993)).

Significantly, the Sixth Circuit had specifically held that the FCA retaliation provision is just such "an applicable prohibition against discharge in retaliation for

the conduct at issue." *Crockett*, 721 F. App'x at 462; *see also Mikhaeil v. Walgreens Inc.*, No. 13-14107, 2015 WL 778179, at *12 (E.D. Mich. Feb. 24. 2015).

For example, in *Mikhaeil*, Walgreens terminated the plaintiff's employment after she failed to submit multiple reports in the in-house system for reporting prescription errors. *Id.* at *1. Before Walgreens terminated her, "Plaintiff made a number of complaints to her supervisors about potential regulatory violations that another pharmacist was committing" and "complained that the pharmacist subject her to a hostile work environment by repeatedly making derogatory remarks about her national origin." *Id.* Plaintiff alleged numerous claims against Walgreens, including FCA and MFCA retaliation and retaliatory termination in violation of Michigan's public policy. *Id.*

The court held that the public policy claim was preempted. *Id.* at *12. The court concluded that, because "the facts giving rise to Plaintiff's public policy cause of action are the same as those giving rise to her causes of action under the FCA, MMFCA, and WPA," the plaintiff "cannot bring a claim for termination in violation of public policy in this instance. *Id.* (citing *Harris v. River Rouge Housing Com'n*, No. 11-14030, 2013 WL 1314961, at *14 (E.D. Mich. Mar. 29, 2013) ("Because the same facts giving rise to Plaintiff's public policy count also give rise to violations of the . . . False Claims Act, Plaintiff's Michigan Public Policy Claim is preempted.")).

12

Here, as in *Crockett* and *Mikhaeil*, the FCA's prohibition against retaliation "already covers the conduct for which [Plaintiff] seeks protection." *Crockett*, 721 F. App'x at 462. Plaintiff's protected activity – as vague as it is – all apparently arises from the same set of facts: the nameless unlawful acts committed by Defendants that Plaintiff sought to oppose and/or expose. Plaintiff alleges no protected activity that would not be subsumed within FCA and/or MFCA protected activity. As such, Plaintiff's public policy claim is preempted and the Court should dismiss Count II in its entirety.

> ### 2. *Plaintiff fails to state public policy claims against the Individual Defendants.*

Even if the claims were not preempted, Plaintiff does not plausibly plead public policy wrongful discharge claims against the Individual Defendants. It is currently unsettled whether, under Michigan law, individual defendants may be held personally, individually liable for wrongful discharge in violation of public policy claims. Regardless, in order for an individual to be personally liable – under any legal theory – a plaintiff must allege facts to support such personal liability. *See, e.g.*, *Alexander v. Elec. Data Sys. Corp.*, 870 F. Supp. 749, 753 (E.D. Mich. 1994) (pointing out that "plaintiff's [Michigan Handicappers' Civil Rights Act] complaint fails to specify any actions on the part of defendant Jeros, and merely alleges that defendant Brechtelsbauer was 'part of the management team that interviewed plaintiff'").

13

Here, Plaintiff alleges no facts to support Cahill, Miller, or Myers being ***personally, individually*** liable for wrongful discharge in violation of public policy. With respect to Cahill and Miller, he alleges no ***_factual_*** allegations against either of them whatsoever. Plaintiff's allegations against Cahill and Miller begin and end with the fact that they hold leadership roles at HOM. Although Plaintiff attempts to involve them in Plaintiff's communication with Myers, Plaintiff attempts to do so solely by virtue of their high-level positions at HOM. Plaintiff's inclusion of them in Paragraph 14 is an unsupported assumption, not a fact. Other than this, Plaintiff does not set forth *any* allegations concerning Cahill and Miller. This is insufficient under *Twombly* and *Iqbal*.

In fact, Plaintiff has exactly ***_one_*** factual allegation regarding any of the Individual Defendants and it is regarding Myers – that Myers, "[a]t the time of terminating Plaintiff's employment," "with the required approval of Defendant Cahill, and apparent acquiescence of co-executive-team-member Defendant Miller"

> directly linked the decision to terminate his employment with Plaintiff's unwillingness to participate or acquiesce in Defendants' unlawful conduct, including but not limited to falsely claiming that Plaintiff's attitude had suddenly become "hostile" while also implicitly admitting Defendants' unlawful course of conduct.

(FAC ¶ 14.)

This conclusory allegation against Myers fares no better than the allegations against Cahill and Miller. It contains no actual facts; he alleges no specific actions

or inactions by Myers that harmed him. This, too, is insufficient under *Twombly* and *Iqbal*.

Indeed, Plaintiff alleges only that "Defendants" retaliated against him; he alleges nothing specific to Cahill, Miller, or Myers. This is not enough. *See Alexander*, 870 F. Supp. at 753 (concluding that, where the complaint did "not allege any individual wrongs by the defendant" it was "clear to the Court that the wrongs alleged in the instant case are indeed corporate wrongs for which the individual defendants have no liability").

As such, Plaintiff does not plausibly plead a claim upon which relief can be granted, and the Court should dismiss Plaintiff's wrongful discharge in violation of public policy claims.

### C. Plaintiff's MFCA Claims Against the Individual Defendants Should be Dismissed.[5]

Plaintiff cannot hold the Individual Defendants liable under the MFCA. MCL 400.610c provides that "[a]n employer shall not discharge . . . or in any other manner, discriminate against an employee . . . because the employee engaged in lawful acts, including initiating, assisting in, or participating in the furtherance of an action under

---

[5] Defendants respectfully submit that, upon dismissing Counts I and II in their entirety, and Count III as to the Individual Defendants, the Court should decline to exercise its supplemental jurisdiction with respect to the last remaining claim against HOM. *See Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988).

this act or because the employee cooperates with or assists in an investigation under this act." MCL 400.610c.[6] The MFCA does not define "employer," *see* MCL 400.602, and Michigan courts have not addressed whether individual defendants can be held personally, individually liable for MFCA violations.

However, the FCA and MFCA "are frequently analyzed in tandem." *Wal-Mart Stores*, 858 F. App'x at 880 (noting that "the FCA and MMFCA are identical in every relevant respect here"). "[T]he Michigan False Claims Act is the most analogous state law to the Federal False Claims Act." *U.S. ex rel. Yanity v. J & B Med. Supply Co., Inc.*, No. 08-11825, 2012 WL 4811288, at *6 (E.D. Mich. Oct. 10, 2012) (comparing the FCA and MFCA retaliation prohibitions). Accordingly, as the FCA prohibits individual liability for retaliation, so, too, should the MFCA. *See id.*

Regardless, even if individual liability were available for MFCA retaliation claims, Plaintiff alleges no facts to support retaliation claims against the Individual Defendants personally. As discussed above, Plaintiff does not allege any specific

---

[6] Individual liability is neither presumed nor automatic. *See Anderson v. Detroit Transp. Corp.*, 435 F. Supp. 3d 783, 800–801 (E.D. Mich. 2020). Typically, where courts have found individual supervisor liability, there is support in the statutory language itself – for example, the ELCRA defines "employer" as a "person," including an "agent of that person." *See, e.g.*, *Elezovic v. Ford Motor Co.*, 472 Mich. 408, 419–420 (2005) (quoting MCL 37.2103(g) and MCL 37.2201(a)). "[T]he language which includes 'agents' as being equivalent to 'employers' seems to authorize individual liability." *Hall v. State Farm Ins. Co.*, 18 F. Supp. 2d 751, 764 (E.D. Mich. 1998). Here, unlike the ELCRA, the MFCA prohibition against retaliation contains no reference to "agents" of an employer. It merely prohibits retaliation by an "employer."

facts connecting Cahill or Miller with any retaliatory actions. The fact that each Individual Defendant holds a leadership role is insufficient to state claims against them as individuals and hold them personally liable.

Rather that state actual facts, Plaintiff instead paints with a broad brush, simply lumping all Defendants together, never identifying who did what. Even the single alleged communication with Myers is devoid of any detail. This is not enough to state claims against Cahill, Miller, or Myers as individuals or hold them personally liable for Plaintiff's termination.

As such, the Court should grant Defendants' Motion and dismiss Plaintiff's MFCA claims against the Individual Defendants.

## V.    <u>**CONCLUSION**</u>

For the foregoing reasons, Defendants respectfully request that the Court grant their Motion and dismiss Counts I and II in their entirety and dismiss Count III as against the Individual Defendants.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: _/s/ David R. Deromedi_
    David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
500 Woodward Avenue, Suite 4000
Detroit MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com

*Attorneys for Defendant*

Dated: August 3, 2022

18

## <u>CERTIFICATE OF SERVICE</u>

I certify that on August 3, 2022, I electronically filed the foregoing *Motion to Partially Dismiss Plaintiff's First Amended Complaint* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

*/s/ Colleen L. Maguire*
Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500
cmaguire@dickinsonwright.com

4892-7405-0092 v4 [21612-42]

19