UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

    Plaintiff,

-vs-                                E.D. Mich. #2:22-cv-11328-DPH-DRG
                                        Hon. Denise Page Hood

HOSPICE OF MICHIGAN, INC.,
a Michigan non-profit corporation,
*et al.*,

    Defendants.

_____

MOTION TO DISQUALIFY COUNSEL FOR INDIVIDUAL DEFENDANTS

    Now comes Gregory Parry, Plaintiff herein, by and through his undersigned counsel, and, for the reasons set out in the attached Brief, moves this Court for an Order disqualifying counsel for Defendant Hospice of Michigan [HOM] from also representing individual Defendants Robert Cahill, Patrick Miller and Lee Ann Myers in this matter and striking their Appearances on behalf of the individual Defendants.

    Pursuant to E.D. Mich. L.R. 7, on October 25, 2022, and October 31, 2022, undersigned counsel sought concurrence in the relief requested herein. As of the time of filing this motion, counsel for Defendants have not responded.

    WHEREFORE, Plaintiff prays this Court for an Order striking the appearances of Mr. Deromedi and Ms. Delmastro on behalf of the individual Defendants and

disqualifying them or any other Dickinson Wright attorney from appearing on behalf of the individual Defendants.

                              Respectfully submitted,

| | |
|---|---|
| */s/Sarah S. Prescott* | */s/Kenneth M. Mogill* |
| Sarah S. Prescott   P70510 | Kenneth M. Mogill   P17865 |
| SALVATORE, PORTER & PORTER, PLLC | MOGILL, POSNER & COHEN |
| 105 E. Main Street, Suite 4000 | 27 E. Flint Street, 2nd Floor |
| Northville MI 48167 | Lake Orion MI 48362 |
| (248)679-8711 | (248)814-9470 |
| *prescott@spplaw.com* | *kmogill@bignet.net* |

*Attorneys for Plaintiff*

Dated: November 2, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

    Plaintiff,

-vs-                                  E.D. Mich. #2:22-cv-11328-DPH-DRG
                                                Hon. Denise Page Hood

HOSPICE OF MICHIGAN, INC.,
a Michigan non-profit corporation,
*et al.*,

    Defendants.

_____

BRIEF IN SUPPORT OF
MOTION TO DISQUALIFY COUNSEL FOR INDIVIDUAL DEFENDANTS

STATEMENT OF ISSUE PRESENTED

Whether Michigan Rule of Professional Conduct 1.7 requires that counsel for Defendant Hospice of Michigan be disqualified from also representing the individual Defendants in this case.

MOST APPROPRIATE AUTHORITY FOR RELIEF SOUGHT

Michigan Rule of Professional Conduct 1.7

State Bar of Michigan Formal Ethics Opinion R-16 (1993)

American Bar Association Model Rules of Professional Conduct,
Cmts. 4, 8 and 22 to Rule 1.7

*ABA/BNA Lawyers' Manual on Professional Conduct*, 51:308, 310 and 322

STATEMENT OF FACTS

As detailed in the First Amended Complaint [ECF No. 4], this action grows out of the conduct of Defendants Hospice of Michigan [HOM] and the individual Defendants – Robert Cahill, Patrick Miller and Lee Ann Myers – in unlawfully terminating Plaintiff's employment at HOM as a result of Plaintiff's refusal to participate in or assist in covering up Defendants Cahill, Miller and Myers' unlawful conduct. Specifically, Plaintiff asserts and intends to prove in the course of this litigation that, as to the individual Defendants:

a. From approximately April 2010 or earlier until approximately July 2021 or later, the individual Defendants, acting in concert with one another and possibly with others, engaged in conduct that they knew or reasonably should have known was improper; and

b. HOM received substantial financial benefits as a result of the individual Defendants' improper conduct.[1]

Plaintiff asserts and intends to prove that the conduct of the individual

---

[1] Undersigned counsel disclosed the details of the improper conduct to counsel for Defendants in the course of seeking concurrence in the relief requested and are prepared to disclose those details to this Court if the Court deems such disclosure helpful in deciding this motion. Undersigned counsel request that any such disclosure to the Court be made *in camera* in order to avoid unnecessary harm to the interests of persons or entities who are not responsible for the individual Defendants' misconduct.

Defendants has –

    (1) already caused significant injury to HOM,

    (2) exposed HOM to significant further, multi-pronged legal liability,

    (3) undermined and been inconsistent with HOM's interest in operating appropriately,

    (4) impeded the ability of HOM's board of directors to engage in meaningful oversight of officers' and employees' activities on behalf of the organization, and

    (5) exposed HOM to the risk substantial reputational harm.

On July 11, 2022, David R. Deromedi of Dickinson Wright PLLC filed an Appearance on behalf of HOM [ECF No. 3], and on August 30, 2022, Angelina R. Delmastro, also of Dickinson Wright, filed an Appearance as co-counsel for HOM [ECF No. 8]. On October 11, 2022, Mr. Deromedi and Ms. Delmastro filed their Appearances on behalf of the individual Defendants [ECF Nos. 12 & 13].

Mr. Deromedi and Ms. Delmastro have declined the undersigned's requests that they voluntarily withdraw from representing the individual Defendants.

### ARGUMENT

THE INTERESTS OF THE INDIVIDUAL DEFENDANTS ARE MATERIALLY ADVERSE TO THOSE OF DEFENDANT HOSPICE OF MICHIGAN [HOM], AND NO DISINTERESTED ATTORNEY

2

COULD REASONABLY BELIEVE THAT REPRESENTING THE INDIVIDUAL DEFENDANTS AND HOM WOULD NOT ADVERSELY AFFECT THEIR REPRESENTATION OF AND RELATIONSHIP WITH BOTH HOM AND THE INDIVIDUAL CLIENTS. MRPC 1.7, THEREFORE, REQUIRES THAT COUNSEL FOR HOM BE DISQUALIFIED FROM ALSO REPRESENTING THE INDIVIDUAL DEFENDANTS.

As described above, the conduct of the individual Defendants in this case was materially adverse to the interests of HOM and has caused HOM substantial injury and an ongoing risk of further, even greater injury. As such, the interests of HOM and the individual Defendants are materially adverse, and Mr. Deromedi's and Ms. Delmastro's representation of HOM precludes them and all other Dickinson Wright attorneys from representing any of the individual Defendants.

As a result of the conduct described above, the interests of HOM and the interests of the individual Defendants conflict materially for multiple reasons, including the following:

    a. Because the individual Defendants are employees of HOM who were acting on behalf of HOM at all relevant times, their conduct will implicate HOM in the same wrongdoing;

    b. It is in HOM's interest in this matter to argue that the individual Defendants' conduct was unknown to its directors, that the individual Defendants concealed their conduct from HOM's directors, and that the

3

individual Defendants' conduct would never have been countenanced by HOM's directors if it had been known to them; conversely, it is in the individual Defendants' interests to argue that all of their conduct was known to and authorized or approved or ratified by HOM's directors;

    c. It is in HOM's interest to argue that its corporate compliance policies, procedures and training were sufficient to prevent conduct such as that engaged in by the individual Defendants; it is in the individual Defendants' interests to argue that their conduct was consistent with HOM's compliance policies, procedures and training;

    d. It is in HOM's interest to argue that any unlawful acts of the individual Defendants were *ultra vires*; it is in the individual Defendants' interests to argue that all of their conduct was within the scope of their employment; and

    e. HOM and the individual Defendants are very likely to have materially different interests in possible resolution of this dispute given the significantly different consequences that resolution may result in for HOM and the individual Defendants.

Rule 1.7 of the Michigan Rules of Professional Conduct, applicable in cases in this Court pursuant to L.R. 83.22(b), provides as follows:

> Conflict of Interest: General Rule.
> (a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
> (1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
> (2) each client consents after consultation.
> (b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer's responsibilities to another client or to a third person, or by the lawyer's own interests, unless:
> (1) the lawyer reasonably believes the representation will not be adversely affected; and
> (2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantages and risks involved.

Rule 1.7 prohibits an attorney from simultaneously representing clients with interests that are directly or materially adverse, either currently or if there is a substantial risk that such a conflict will develop in the course of a representation. Importantly – and unique among the rules of professional conduct relating to conflicts of interest – the rule also prohibits an attorney from seeking a client's consent to conflicted representation unless the circumstances satisfy the "disinterested attorney" test: That is, could a disinterested attorney in the circumstances reasonably believe that the conflict could be waived without adverse effect on the representation of either client or either attorney-client relationship? The personal, subjective views of the attorney or attorneys involved are irrelevant to this assessment.

As stated in R-16 (1993), a formal ethics opinion issued by the State Bar of Michigan's Board of Commissioners,[2] Rule 1.7(b) prohibits representation of multiple clients in a matter unless

> a disinterested lawyer would reasonably conclude that the representation would not be adversely affected, and each client consents after full disclosure. The lawyer must consider the likelihood of conflicts arising between the . . . [clients] which would materially limit the lawyer's representation. Where the interests of . . . [clients] are generally aligned and there are only slight differences of interest among them, a disinterested lawyer could reasonably conclude that the representation will not be adversely affected. *On the other hand, where there is a likelihood that conflicts will later arise which will materially limit the lawyer's representation, a disinterested lawyer could not reasonably reach this conclusion.*

(emphasis added).

By way of example, even where parties' interests are generally aligned, joint representation is ethically prohibited where potentially different levels of liability could lead to divergence of interests with respect to allocation issues:

> Nor would it be permissible under the facts presented here for a lawyer to represent both de minimis and major PRPs [potentially responsible parties] at the subject site if any portion of the representation included allocation issues.

*Id*.

See also *The ABA/BNA Lawyers' Manual on Professional Conduct* at 51:308:

---

[2] See https://www.michbar.org/opinions/ethics/numbered_opinions/R-016.

"If an objective lawyer would conclude that representation of one client involves a substantial risk of materially limiting the other client's representation, the lawyer's subjective belief to the contrary is irrelevant." Moreover, "before seeking consent to multiple representation, a lawyer needs to become sufficiently familiar with the facts underlying the proposed representation to make this threshold determination that competent representation can be provided to each client." *Id*. at 51:310.

Cmt. 22 to ABA Model Rule 1.7 speaks further to the breadth of issues that may give rise to a conflict precluding joint representation: "A conflict may exist by reason of substantial discrepancy in the parties' testimony, incompatibility in positions in relation to an opposing party or the fact that there are substantially different possibilities of settlement of the claims or liabilities in question."

In the circumstances of this case, the evidence against the individual Defendants will go beyond involving "incompatibility in positions" between HOM and the individual Defendants. The evidence will implicate HOM regardless of the ultimate nature of the individual Defendants' defenses. Joint representation is, therefore, impermissible under the rules: "[W]here a lawyer's defense of one client will necessarily implicate the other, representation of both clients is forbidden." *ABA/BNA Lawyers' Manual*, 51:322.

In the current matter, the respective allegations against HOM and the individual

7

Defendants are such that the interests of HOM and the individual Defendants are not and will not be aligned. Rather, as noted above, while all that is required is a substantial risk that the parties' interests will materially diverge, in this case there is a virtual certainty that, even if it does not already exist, "a conflict will eventuate and . . . will materially interfere with" Mr. Deromedi's and Ms. Delmastro's ability to provide "independent professional judgment in considering alternatives or [will] foreclose courses of action that reasonably should be pursued on behalf of" one or the other of their joint clients. Cmt. to Rule 1.7; Cmt. 8 to ABA Model Rule 1.7. That is, the conflict of interests between HOM on the one hand and the individual Defendants on the other is already or will eventually likely become so substantial that no disinterested lawyer could reasonably conclude that joint representation would not adversely affect the interests of either or both HOM and the individual Defendants.

Further, if Mr. Deromedi and Ms. Delmastro are not disqualified from representing the individual Defendants at this point, there is a strong likelihood that as discovery proceeds they will become disqualified from representing *any* party in this action. See, *e.g.*, Cmt. 4 to ABA Model Rule 1.7.[3]  If they become disqualified

---

[3]"If a conflict arises after representation has been undertaken, the lawyer ordinary must withdraw from the representation, unless the lawyer has obtained the informed consent of the client under the conditions of paragraph (b)". . . Where more than one client is involved, whether the lawyer may continue to represent any of the clients is determined both by the lawyer's ability to comply

8

from representing HOM as well as the individual Defendants, not only will the interests of the various Defendants be jeopardized, but Plaintiff will be prejudiced by the delay that will inevitably result when all Defendants have to retain new counsel and new counsel requires time to familiarize themselves with the file.

Plaintiff acknowledges that a motion seeking to disqualify opposing counsel directly impacts a party's presumptive right to counsel of choice. However, as aptly noted in the Comment to Rule 1.7, "[w]here the conflict is such as clearly to call in question the fair or efficient administration of justice, *opposing counsel may properly raise the question*" (emphasis added). The prevailing case law understandably provides that such a motion should only be granted upon a clear showing that no less drastic alternative is available. However, unlike other cases in which a motion to disqualify seeks to prevent a party's counsel of choice from appearing in a case at all, the instant motion does not seek to prevent Mr. Deromedi and Ms. Delmastro from continuing to appear on behalf of HOM – the client on whose behalf they initially filed Appearances – but only to prevent them from taking on the conflicted joint representation of HOM and the individual Defendants.

In sum, in the circumstances of this matter, the conflict of interests between

---

with duties owed to the former client and by the lawyer's ability to represent adequately the remaining client or clients, given the lawyer's duties to the former client."

9

HOM and the individual Defendants is so clear and so substantial that disqualifying Mr. Deromedi and Ms. Delmastro from representing the individual Defendants is not only necessary to avoid the actual and potential adverse consequences of conflicted joint representation, it is also needed to prevent the unnecessary and prejudicial delay that would result from a conflicted joint representation that eventually requires Mr. Deromedi and Ms. Delmastro to withdraw from representing any party in the case.[4]

## RELIEF REQUESTED

For all the reasons stated above, Plaintiff prays this Court for an Order striking the appearances of Mr. Deromedi and Ms. Delmastro on behalf of the individual Defendants and disqualifying them or any other Dickinson Wright attorney from appearing on behalf of the individual Defendants.

Respectfully submitted,

*/s/Sarah S. Prescott*
Sarah S. Prescott   P70510
SALVATORE, PORTER & PORTER, PLLC
105 E. Main Street, Suite 4000
Northville MI 48167
(248)679-8711
*prescott@spplaw.com*

*/s/Kenneth M. Mogill*
Kenneth M. Mogill   P17865
MOGILL, POSNER & COHEN
27 E. Flint Street, 2nd Floor
Lake Orion MI 48362
(248)814-9470
*kmogill@bignet.net*

---

[4] In bringing this motion, the undersigned counsel do not suggest or imply in any way that, in appearing for the individual Defendants, either Mr. Deromedi or Ms. Delmastro has knowingly violated any rule of professional conduct.

*Attorneys for Plaintiff*

Dated: November 2, 2022

CERTIFICATE OF SERVICE

On this date, the undersigned served a copy of Motion to Disqualify Counsel for Individual Defendants on David R. Deromedi, Esq., at dderomedi@dickinsonwright.com and Angelina R. Delmastro, Esq., at adelmastro@dickinsonwright.com.

/s/Kenneth M. Mogill
Kenneth M. Mogill

Dated: November 2, 2022