UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

    Plaintiff

                                  HON. DENISE PAGE HOOD
v.                                CASE NO. 2:22-CV-11328

HOSPICE OF MICHIGAN, INC.,
a Michigan non-profit corporation, et al.

    Defendants.

_____/

| | |
|---|---|
| Sarah S. Prescott (P70510) | David R. Deromedi (P42093) |
| SALVATORE PRESCOTT PORTER | Angelina R. Delmastro (P81712) |
|   && PORTER, PLLC | DICKINSON WRIGHT PLLC |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| 105 East Main Street | 500 Woodward Ave., Suite 4000 |
| Northville, MI  48167 | Detroit, MI  48226 |
| (248) 679-8711 | (313) 223-3500 |
| prescott@spplaw.com | dderomedi@dickinsonwright.com |
| | adelmastro@dickinsonwright.com |

Kenneth M. Mogill (P17865)
MOBILL, POSNER & COHEN
*Attorneys for Plaintiff*
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362
(248) 814-9470
kmogill@bignet.net

_____

**DEFENDANTS' RESPONSE BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY**

## TABLE OF CONTENTS

I. INTRODUCTION ..................................................................................................1

II. ARGUMENT........................................................................................................2

    A. Legal Standard............................................................................................2

    B. Requests for Production 4, 5, 7, 16, 17, 18, 32, 33, and 35 are Overbroad and Seek Information Wholly Irrelevant to Plaintiff's Claims. ........................................................................................................3

    C. Defendants Have Already Agreed to Produce Responsive Information as To Interrogatories 1 & 2, and Requests for Production 3, 6, 8, 9, 10, 11, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 34, and 36 .....................................................8

    D. Sanctions Are Wholly Improper and Should Be Denied ....................10

III. CONCLUSION..................................................................................................12

## TABLE OF AUTHORITIES

**Cases**

*G.D. obo G.D. v. Utica Community Schools*, No. 20-12864, 2021 WL 4621847 (E.D. Mich. Oct. 7, 2021) ............................................................. 7, 8

*Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488 (6th Cir. 2016) ..................... 3

*Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303 (E.D. Mich. 2000) ................ 12

*McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508 (6th Cir. 2000) ........................................................................................................................ 5

*Michigan Auto. Ins. Placement Facility v. New Grace Rehab. Center, PPC*, No. 4:17-CV-11007-TGB-DRG, 2019 WL 355654 (E.D. Mich. Jan. 29, 2019) ............................................................................................................... 2, 3

*Mikhaeil v. Walgreens Inc.*, No. 14-14107, 2015 WL 778179 (E.D. Mich. Feb. 24, 2015) ............................................................................................................ 5

*MJS Janitorial v. Kimco Corp.*, No. 03-2102MAV, 2004 WL 2905409 (W.D. Tenn. Apr. 19, 2004) ..................................................................................... 8, 9

*Pelcha v. MW Bancorp., Inc.*, 988 F.3d 318 (6th Cir. 2021) .................................... 6

*Scales v. J.C. Bradford and Co.*, 925 F.2d 901 (6th Cir. 1991) ............................... 3

*Smith v. General Mills, Inc.*, No. 2:04-CV-705, 2006 WL 1209371 (S.D. Ohio May 3, 2006) ................................................................................................. 9, 10

*Snook v. Lorey*, No. 07-14270, 2009 WL 1406639 (E.D. Mich. May 19, 2009) ............................................................................................................... 10, 11

*Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288 (6th Cir. 2007) ........................................................................................................................ 3

*U.S. ex rel Dunn v. Procarent, Inc.*, 615 F. Supp. 3d 593 (W.D. Ky. 2022) ......... 6, 7

**Statutes**

31 U.S.C. § 3730(h) ............................................................................................. 1, 5

**Rules**

Fed. R. Civ. P. 37 .................................................................................................10

Fed. R. Civ. P. 26(b)(1) ..........................................................................................3

## ISSUES PRESENTED

1.      Should this Court deny Plaintiff's Motion to Compel Discovery (ECF No. 23) where (a) Plaintiff seeks to compel production of documents that Defendants have already agreed to produce, and (b) Plaintiff's discovery requests are overbroad and unrelated to Plaintiff's claims?

Defendants Answer: Yes.

Plaintiff Answers: No.

## CONTROLLING OR MOST APPROPRIATE AUTHORITIES

Fed. R. Civ. P. 26(b)(1)

**I.  INTRODUCTION**

  Plaintiff Gregory Parry ("Parry" or "Plaintiff") is an attorney and former in-house counsel of Defendant Hospice of Michigan, Inc. ("HOM"). In accordance with all relevant laws, HOM receives referrals from several hospital networks and other healthcare practices and facilities. During his employment with HOM, Parry became obsessed with the notion that HOM was inappropriately receiving referrals from one healthcare provider in particular—the Jewish Hospice and Chaplaincy Network ("JHCN"). HOM took these concerns seriously, and engaged independent outside counsel to conduct a full investigation.[1] Still, Parry was adamant, taking issue with HOM's choice of investigation counsel and became hostile and belligerent toward HOM leadership. Due to his confrontational behavior, the working relationship between Parry and HOM disintegrated, and HOM terminated his employment. Parry then filed the present action. (ECF No. 4).

  Importantly, Parry alleges only the following claims against Defendants: Retaliation in Violation of 31 U.S.C. § 3730(h) (Count I); Retaliation in Violation of Michigan Public Policy (Count II); and Retaliation in Violation of MCL § 400.610c (Count III). Except for claims of retaliation, Parry does not allege underlying "false claims" claims under the False Claims Act or the Michigan Medicaid False Claims Act. (ECF No. 4). Nevertheless, several of his discovery

---

[1] That investigation ultimately revealed no improper conduct.

1

requests are related to, and only to, Parry's misplaced belief that there was some improper referrals or other illegal conduct at HOM.  No matter how strongly Parry holds these erroneous beliefs, they are not relevant to the claims before this Court, and thus are outside the scope of discovery.  Therefore, Plaintiff's Motion to Compel production of documents that are irrelevant to Parry's retaliation claims, as described further herein, should be denied.

To the extent Parry seeks discovery responses that are relevant, the motion should also be denied—Defendants have repeatedly informed Parry that they will produce these materials.  Scheduling and availability conflicts abound and have made production slower than the response Parry desires.  However, Defendants have been diligent in their searches and communications with Parry, and have already agreed to provide several of the categories of documents Plaintiff seeks in his Motion to Compel.  To that end, an order compelling production is unnecessary.  Accordingly, the Court should deny Plaintiff's Motion to Compel as related to these documents.

II. **ARGUMENT**

### A. Legal Standard

"'Mutual knowledge of all the **relevant** facts gathered by both parties is essential to proper litigation.'" *Michigan Auto. Ins. Placement Facility v. New Grace Rehab. Center, PPC*, No. 4:17-CV-11007-TGB-DRG, 2019 WL 355654 at

\*2 (E.D. Mich. Jan. 29, 2019) (emphasis added) (quoting *Hefferan v. Ethicon Endo-Surgery Inc.*, 828 F.3d 488, 499 (6th Cir. 2016). Under the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Importantly, while any party should not be denied access to facts and information necessary to prove their claims, "neither may a plaintiff be permitted to go fishing and a trial court retains discretion to determine that a discovery request is too broad and oppressive." *Id*. (quoting *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007).

Thus, this Court must exercise its "wide discretion" to balance the needs and rights of both parties in fairly resolving such discovery disputes. *Id*. (citing *Scales v. J.C. Bradford and Co.*, 925 F.2d 901, 906 (6th Cir. 1991)).

### B. Requests for Production 4, 5, 7, 16, 17, 18, 32, 33, and 35 are Overbroad and Seek Information Wholly Irrelevant to Plaintiff's Claims.[2]

This Court has discretion to limit the required production of documents that are irrelevant and overbroad. Specifically, here, Plaintiff seeks to compel the

---

[2] As to Request for Production No. 33, this request seeks information that is not in Defendants' possession, custody, or control—indeed, the request seeks documents regarding referrals by JHCN "to entities or people *other than HOM*." (ECF No. 23-3, PageID.256) (emphasis added). Defendants are unsure how they are expected to have information related to a third-party's internal documents, but the fact remains that they do not. The Court should therefore deny Plaintiff's Motion to Compel as to Request No. 33.

3

production of documents wholly unrelated to Plaintiff's *retaliation* claims. The requests are overbroad because they seek information not related to the elements of Plaintiff's retaliation causes of action, but instead seek information that is only potentially tangentially relevant (at best) to Plaintiff's accusations against Defendants vis a vis JHCN. These Requests do not address any relevant element of a retaliation cause of action.

For example, Request for Production No. 16 seeks all documents and communications related to and between Rabbi E.B. Freedman and Defendants. Request for Production No. 32 seeks documents regarding kickbacks or the federal anti-kickback statute maintained, held, generated, or prepared by Defendants. These requests solely address Plaintiff's misplaced assertion that Defendants and JHCN engaged in improper or illegal referral conduct. However, Plaintiff is not litigating the propriety of the referrals or Defendants' conduct with respect to JHCN. Plaintiff is litigating reasons for the termination of his employment.

All of these Requests (and indeed, all of the ones to which Defendants objected), relate specifically – and only – to Plaintiff's unfounded assumptions that there was improper or illegal conduct between Defendants and JHCN. It cannot be emphasized enough: that alleged improper or illegal conduct itself is not the basis for Plaintiff's claims before this Court. Plaintiff only raises claims here as to retaliation against him – he claims that Defendants retaliated against him for

engaging in protected activity by terminating his employment. The "false claims" inquiry and the "retaliation" inquiry are not one and the same, and should not be treated as such, as Plaintiff would have it. The only information that is relevant here is that which is (at least) circumstantially related to Plaintiff's claims for retaliation; this includes, and only includes, whether (1) Plaintiff was engaged in a protected activity, (2) Defendants knew about it, and (3) Defendants terminated Plaintiff's employment as a result of the protected activity. *McKenzie v. BellSouth Telecommunications, Inc.*, 219 F.3d 508, 515 (6th Cir. 2000) (citing 31 U.S.C. § 3730(h)); *Mikhaeil v. Walgreens Inc.*, No. 14-14107, 2015 WL 778179, at *11 (E.D. Mich. Feb. 24, 2015).[3]

The False Claims Act section of under which Plaintiff brings his claims provides for a cause of action **only** as to retaliation. The inquiry is **not** whether Plaintiff's (unfounded) accusations were in fact correct—the inquiry is whether Plaintiff's protected activity and Defendants' reasons for terminating Plaintiff's

---

[3] As detailed in Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 6), Plaintiff's public policy claim fails as a matter of law, and none of the requested documents are relevant or proportional to that claim, either. "A public policy claim is sustainable. . . only where there is also **not** an applicable statutory prohibition against discharge in retaliation for the conduct at issue." *Mikhaeil*, 2015 WL 778179, at *12 (emphasis added) (denying a public policy retaliation argument where, exactly as here, the plaintiff used the same facts to allege retaliation under the False Claims Act and the Michigan Whistleblower's Protection Act).

5

employment. Indeed, it is immaterial whether Defendants actually engaged in wrongful or illegal conduct with respect to JHCN.

Communications or documents between JHCN and Defendants about referrals, payments, agreements, etc., will reveal nothing about Defendants' treatment of Plaintiff. Plaintiff's conduct is what matters, not whether Defendants' conduct with respect to JHCN was truly wrongful or illegal.

Plaintiff argues that this information is relevant as circumstantial evidence to support his retaliation claims. (ECF No. 23, PageID.202-203). But the Court should not confuse the information that Plaintiff seeks, which could potentially be circumstantial evidence of illegal or wrongful activity between Defendants and JHCN, with circumstantial evidence of **_retaliation_**. A plaintiff may prove a retaliation claim with circumstantial evidence, or in other words, evidence requiring the factfinder to draw inferences to conclude that ta plaintiff was subject to unlawful retaliation. *U.S. ex rel Dunn v. Procarent, Inc.*, 615 F. Supp. 3d 593 (W.D. Ky. 2022) (citing *Pelcha v. MW Bancorp., Inc.*, 988 F.3d 318, 324 (6th Cir. 2021) (defining circumstantial evidence)). What Plaintiff seeks here is communication between Defendants and a third-party—with no connection to Plaintiff, any communication by or about Plaintiff, or Plaintiff's allegations. This is not circumstantial evidence of retaliation.

In contrast, compare this with the circumstantial evidence of wrongdoing in *U.S. ex rel. Dunn v. Procarent, Inc.* Evidence in that case included *a plaintiff* reporting concerns to the defendant's president; *a plaintiff* had multiple conversations with the defendant's president and board member; and *a plaintiff* submitted a "self-reporting package" to the defendant. 615 F. Supp. 3d 593 (W.D. Ky. 2022). This evidence all concerned the plaintiff in some manner. What Plaintiff seeks here does not.

In short, the Requests seeking any and all information, documents, or communication to and from JHCN and its representatives are overbroad. No element of any of Plaintiff's claims requires evidence related to the conduct of a third-party entity that was completely uninvolved in the decision to terminate Plaintiff's employment. There is simply no basis for Plaintiff to seek, or for Defendants to produce, all documents or communication related to or between Defendants and JHCN or any of its representatives.

Finally, regarding Request for Production No. 4, the request is facially overbroad. No. 4 seeks "all documents and communications in whole or in part regarding Plaintiff, whether he is named explicitly or not, between June 20, 2021 and present." (*See* ECF No. 23-3, PageID.240). "Courts have [] long condemned omnibus 'any and all' document requests []." *G.D. obo G.D. v. Utica Community Schools*, No. 20-12864, 2021 WL 4621847, at *3 (E.D. Mich. Oct. 7, 2021) (citation

7

omitted). Indeed, as the plaintiff failed to do in *Utica*, Plaintiff here does not explain how this request would be reasonably calculated to provide relevant information, "[n]or does it explain how its request for communications 'to the present' would bear on alleged" wrongdoing from Plaintiff's *prior* employment with Defendant HOM. *Id*. The production of *all documents* regarding Plaintiff would be a massive undertaking that would only yield an inordinate amount of completely irrelevant documents and communications. This request should also be denied as overly broad and unduly burdensome.

### C. Defendants Have Already Agreed to Produce Responsive Information as To Interrogatories 1 & 2, and Requests for Production 3, 6, 8, 9, 10, 11, 12, 13, 14, 15, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 31, 34, and 36

Where a party has already agreed to requested documents, a motion to compel should be denied. *See MJS Janitorial v. Kimco Corp*., No. 03-2102MAV, 2004 WL 2905409, at *7 (W.D. Tenn. Apr. 19, 2004) ("MJS has already agreed to produce more relevant documentation concerning Mr. Satur's travels to Kmart stores starting in January of 2003. Accordingly, Kimco's motion to compel as to Request No. 15 is denied."); *Smith v. General Mills, Inc*., No. 2:04-CV-705, 2006 WL 1209371, at *3 (S.D. Ohio May 3, 2006) (denying a motion to compel that sought, in part, documents that the opposing party had already agreed to produce: "Only if . . . the parties are truly at impasse, is it appropriate to file a motion to compel [].

8

[Defendant] was apparently under the impression that it had in fact resolved the majority of the issues that Kinney now addresses in its motion [].").

Here, Plaintiff's request to compel the production of the above referenced documents and information is premature—the parties have already met and conferred and Defendants have already agreed to produce this information. Defendants stated as much in their Objections and Responses to Plaintiff's Requests, have worked with Plaintiff's counsel to try and provide updates and schedule meetings, and Defendants are still in the process of conducting a diligent and thorough search for the promised documents, which has been complicated by the need to meet and confer with Plaintiff regarding his excessively broad discovery requests, which, even when narrowed, have resulted in an overwhelming amount of data. Indeed, part of the reason for the delay is the substantial volume of email data resulting from Plaintiff's Requests. Defendants are currently grappling with over 25,000 unique files.

While Defendants have faced scheduling and availability conflicts, this does not mean that the parties are "truly at an impasse." *Smith*, 2006 WL 1209371, at \*3. This applies to all of Plaintiff's arguments regarding the production of documents that Defendants have already agreed to provide. (*See* ECF No. 23, PageID.207-209.) Again, Plaintiff's Motion as to these Requests and these documents is premature, and the documents that Defendants have already agreed to produce are forthcoming.

9

### D. Sanctions Are Wholly Improper and Should Be Denied

Finally, Plaintiff also seeks sanctions against Defendants (vaguely requesting "fees" in the conclusion of his Motion). (ECF No. 23, PageID.209-210). This request should be summarily denied. There is no plain violation of any of the Federal Rules. Defendants have already produced 162 pages of responsive documents and they are currently processing over 25,000 records (even after meeting and conferring with Plaintiff to narrow his requests, the results of Plaintiff's overbroad discovery requests are still overwhelming).

Federal Rule of Civil Procedure 37 governs motions to compel discovery and sanctions for failure to make disclosures or cooperate in discovery:

> If the motion is granted—or if the disclosure or requested discovery is provided after the motion was filed—the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> (iii) other circumstances make an award of expenses unjust.

*Snook v. Lorey*, No. 07-14270, 2009 WL 1406639, at *1 (E.D. Mich. May 19, 2009) (quoting Fed. R. Civ. P. 37(a)(5)(A)).

First, as indicated above, an award of expenses here would be unjust because Defendants have already agreed to provide a significant amount of documents outlined in Plaintiff's Motion. Those documents are forthcoming. In addition, there is not a discovery order in place that Defendants violated, and there is ample time for the parties to exchange information before the discovery deadline closes. Sanctions are unwarranted.[4]

Critically, Plaintiff has failed to identify any specific prejudice he has suffered as a result of the timing of Defendants' production. *Infosystems, Inc. v. Ceridian Corp.*, 197 F.R.D. 303, 308 (E.D. Mich. 2000) (denying a motion for sanctions where the conduct included "trial by ambush" tactics far more egregious than anything alleged by Plaintiff here). Defendants' Motion to Partially Dismiss Plaintiff's First Amended Complaint (ECF No. 6) is still pending before the Court, and the Court has likewise yet to rule on Plaintiff's Motion to Disqualify

---

[4] In addition, even in the event that sanctions were proper, Plaintiff failed to provide the necessary analysis—failed even to provide a request for an amount—required for this Court to award sanctions. To determine if the amount of requested fees are reasonable, the Court may employ the "lodestar" approach. *Id.* at *2 (citing *Bodenhamer Bldg. Corp. v. Architectural Research Corp.*, 989 F.2d 213, 221 (6th Cir.1993)). In *Snook*, the moving party "offer[ed] no information to support the amount of time expended on their discovery motions or how they arrived at the $1,500 amount for sanctions." *Id.* at *3. Here, not only did Plaintiff fail to support an amount of sanctions, they failed to identify an amount at all. The Court cannot be expected to award sanctions under such a vague and illusory request, and certainly not where sanctions are plainly unwarranted in the first place.

11

Defendants' counsel (ECF No. 14). Given the procedural posture of this case, it is clear that Plaintiff has suffered no prejudice.

Moreover, Plaintiff's counsel admits that the parties have made progress toward resolution of the discovery disputes as recently as March 8, 2023. (*See* ECF No. 23-5, PageID.268.) Two days later, Defendants' counsel explained that Defendants were still in the process of collecting documents at that time, and noted the challenge of coordinating schedules and availability. (*See* ECF No. 23-6, PageID.270.) All this, and still Plaintiff filed his Motion to Compel Discovery on March 31, 2023. There is no basis for sanctions and the Court should deny Plaintiff's request for same.

### III. **CONCLUSION**

For all of the foregoing reasons, Plaintiff's Motion to Compel Discovery should be denied in its entirety. Plaintiff seeks information far outside the scope of his claims, and Defendants have already agreed to produce much of the sought-after information. Therefore, Defendants respectfully request that the Court deny Plaintiff's Motion to Compel Discovery in its entirety.

Dated: April 14, 2023        Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ David R. Deromedi*
David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
500 Woodward Avenue, Suite 4000

Dated: April 14, 2023

Detroit MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

## **CERTIFICATE OF SERVICE**

I certify that on April 14, 2023, I electronically filed the foregoing *Defendants' Response Brief in Opposition to Plaintiff's Motion to Compel Discovery* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

                                                */s/ Colleen L. Maguire*
                                                Legal Secretary
                                                DICKINSON WRIGHT, PLLC
                                                500 Woodward Avenue, Suite 4000
                                                Detroit, Michigan  48226-3425
                                                (313) 223-3500
                                                cmaguire@dickinsonwright.com

4856-8416-7517 v4 [21612-42]