# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY PARRY,

    Plaintiff,

v.

HOSPICE OF MICHIGAN, INC, a
Michigan non-profit corporation, et al.

    Defendants.

Case No. 2:22-cv-11328-DPH-DRG

Honorable Denise Page Hood
Magistrate Judge David R. Grand

---

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), the Court hereby enters the following protective order:

1.    **Designation of Confidential Information** – Any document or thing that Jewish Hospice and Chaplaincy Network ("JHCN") reasonably and in good faith believes to contain confidential or proprietary information that is not publicly available may be produced by it with the clear and obvious designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER."

2.    **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

a. The named parties in this case, their attorneys, and their support staff;

b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A;

c. Vendors engaged to assist in production or organization of e-discovery;

d. Deposition or Trial Witnesses whose testimony a party in good faith anticipates taking and who agree to abide by the terms of this Protective Order;

e. Facilitators, mediators, arbitrators, and case evaluators; and

f. This Court and its staff members.

3. **Highly Confidential Information – Attorney's Eyes Only** – Any document or thing that JHCN in good faith believes to contain highly confidential information that is not publicly available (such as a trade secret, or highly confidential proprietary commercial, or other sensitive information) may be produced by that party with the clear and obvious designation "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

4. **Non-Disclosure of Highly Confidential Information** – Any document or thing designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" may only be used to prosecute or defend this action and shall not be

disclosed to (nor the content discussed with) anyone other than the following persons:

   a. Attorneys and their support staff;

   b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A;

   c. Deposition or Trial Witnesses whose testimony a party in good faith anticipates taking and who agree to abide by the terms of this Protective Order;

   d. This Court and its staff members.

5. **Deposition Testimony** – Any portions of requested testimony, a transcript, and/or a brief may be designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" if JHCN or the attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other information otherwise covered by this Order.

6. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are submitted to the Court Clerk as part of a motion or other paper outside of discovery shall be

filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal. The unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing Confidential Information shall be marked in such a way that it clearly notifies the Court that the page contains Confidential Information that was filed pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

If a party wishes to submit information in connection with a paper filed with the Court that is designated by JHCN as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" within this Order (and the designation has not been rejected by the Court per Paragraph 8), the submitting party shall provide JHCN with notice of each document the submitting party intends to submit not less than 5 days prior to submitting the Confidential Information.

Nothing in this Order shall affect or alter any burden of proof in establishing a basis for sealing.

7. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from JHCN and its former or current staff.

8. **Challenging "Confidential" or "Highly Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential or highly confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by giving notice of the challenge to the producing party. The party seeking to justify the designation shall have the burden of justifying its designation by motion, where it will bear the burden of proof. As to any such motions, the receiving party shall not be deemed to have stipulated to or to have altered the burden of proof or to have created any presumption of confidentiality by stipulating to this Order. Before filing any such motion, however, JHCN and the challenging party parties shall first attempt to resolve their disagreement without Court intervention.

9. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

10. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," and all copies thereof, shall either be returned to JHCN upon the final disposition of this action or they may be destroyed with JHCN's permission. This provision shall not apply to documents and things the Court determines are not confidential. Outside litigation counsel for each party may keep a file copy pursuant to the terms of this Order.

11. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). The disclosure of any particular material, however, shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure and the producing party does not request the return of the privileged matter within 14 days.

12. This Protective Order does not preclude any party from seeking further relief or protective orders from the Court, or from seeking to modify this Protective Order, as may be appropriate under the Federal Rules of Civil Procedure.

**SO ORDERED**

Dated: July 26, 2023             s/Denise Page Hood
                                 United States District Judge

Stipulated and Approved for Entry:

/s/ Sarah S. Prescott             /s/ David R. Deromedi (w/consent)
Sarah S. Prescott (P70510)        David R. Deromedi (P42093)
Attorney for Plaintiff            Attorneys for Defendant

UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                         SOUTHERN DIVISION

GREGORY PARRY,

    Plaintiff,                                Case No. 2:22-cv-11328-DPH-DRG

    v.                                     Honorable Denise Page Hood
                                             Magistrate Judge David R. Grand

HOSPICE OF MICHIGAN, INC, a
Michigan non-profit corporation, et al.

    Defendants.

_____

**EXHIBIT A – AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    I, _____, declare as follows:

1.     I have read the Protective Order in the above captioned case.

2.     I promise that I will only use the documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" that are given to me for purposes of this lawsuit.

3.     I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Dated: _____     _____
                                                                Signature