UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

    Plaintiff

v.

HOSPICE OF MICHIGAN, INC.,
a Michigan non-profit corporation,

    Defendant.

HON. DENISE PAGE HOOD
CASE NO. 2:22-CV-11328

---

| | |
|---|---|
| Sarah S. Prescott (P70510)<br>SALVATORE PRESCOTT PORTER<br>  & PORTER, PLLC<br>*Attorneys for Plaintiff*<br>105 East Main Street<br>Northville, MI  48167<br>(248) 679-8711<br>prescott@sppplaw.com | David R. Deromedi (P42093)<br>DICKINSON WRIGHT PLLC<br>*Attorneys for Defendants*<br>500 Woodward Ave., Suite 4000<br>Detroit, MI  48226<br>(313) 223-3500<br>dderomedi@dickinsonwright.com |
| Kenneth M. Mogill (P17865)<br>MOBILL, POSNER & COHEN<br>*Attorneys for Plaintiff*<br>27 E. Flint St., 2nd Floor<br>Lake Orion, MI  48362<br>(248) 814-9470<br>kmogill@bignet.net | |

---

**DEFENDANTS' BRIEF IN RESPONSE TO
PLAINTIFF'S "EMERGENCY" MOTION TO COMPEL DEPOSITIONS**

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... i

I. FACTS .............................................................................................................. 1

    A. Introduction. .......................................................................................... 1

    B. Relevant Facts. ...................................................................................... 1

II. ARGUMENT .................................................................................................... 6

III. CONCLUSION ............................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Audi AG & Volkswagon of America, Inc. v. Izum;* 204 F. Supp.2d 1014 (E.D. Mich 2002) ................................................................................................... 8

*Gamrat v McBroom*, 2017 WL 11454632 (W.D. Mich., Feb 17, 2017) ................... 9

*In re FCA US LLC Monostable Electronic Gearshift Litigation* 2017 WL 4216193 (E.D. Mich. Sept. 22, 2017) .................................................................. 8

*Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318 (E.D. Mich. 1996) ......... 8

*Nikaj v Hanover Ins., Co.,* 2018 WL 11358747 (E.D. Mich. Apr. 25, 2018) ........... 7

*Todd v. Hyster-Yale Group, Inc.*, 2019 WL 1938792 (E.D. Ky., May 1, 2019) ................................................................................................................... 9

**Rules**

MCR 2.117(B)(4)(b) ............................................................................................... 10

## I.  FACTS

### A.  Introduction.

Plaintiff Gregory Parry's Motion illustrates that much time, expense and effort can be saved if counsel would simply observe and abide this Court's Civility Principles. Instead, Plaintiff unilaterally noticed witnesses for depositions without consulting Defendants' counsel, refused to accommodate Defendants' counsel's reasonable requests to re-schedule based on his unavailability, and precipitously filed this unnecessary motion, characterizing it as an "emergency" when no such emergency exists.

Plaintiff's Motion to Compel should be denied because Defendants have not *refused* to produce witnesses for deposition; they have instead objected to the dates Plaintiff unilaterally picked based on the unavailability of Defendants' counsel, despite the fact that Defendants' counsel provided alternative dates to Plaintiff before this Motion was filed.

### B.  Relevant Facts.

There is currently no deadline for completing discovery in this action, and there is no emergent need to complete depositions by any particular date.

On October 5, 2023, Plaintiff noticed the depositions of Patrick Miller and Lee Ann Myers, unilaterally picking the dates of October 24 and 30, 2023 without first consulting Defendants' counsel about his, or the witness's, availability. On

1

October 12, 2023, Defendants' counsel, David Deromedi, emailed Plaintiff's counsel that her unilaterally-selected dates did not work, and that "[w]e will need to find an alternative date for the depositions" because he would be "out of the office for 2 weeks . . . through November 1,[1] [has] a full schedule for November, and an administrative hearing starting 11/28." (Exhibit 1). He asked Plaintiff's counsel "if there are potential dates in December or January for these depositions and for the deposition of Greg Parry," asking her to "[l]et me know what dates are open for you." (*Id*).

Instead of cooperating to find mutually-acceptable dates, on October 12 Plaintiff's counsel stated that she would only "accommodate" changing the unilaterally-noticed dates if Mr. Deromedi provided "firm alternative dates that fall with 2 weeks of the ones we noticed." (*Id.*)

Mr. Deromedi immediately responded by repeating that he was unavailable in the time-period Plaintiff's counsel unilaterally noticed, explaining in detail:

> Sarah,
>
> I am not able to offer 2 dates within the time period of the dates you unilaterally picked. I am not available for over a week of that period of time. I have depositions scheduled the week of November 13. I do not otherwise have blocks of time during the week of November 6 for two days of depositions and regardless will be dealing with work that had to be pushed back while I was gone. I will be

---

[1] Mr. Deromedi had a pre-planned vacation in Europe from October 14 through November 1, 2023.

> preparing for my hearing leading into Thanksgiving and going through the hearing after.
>
> As I stated in my email, I need to look at dates in December or January based on my actual availability. December is fairly open starting with the middle of the first week.

(*Id.*)

Again instead of cooperating to find mutually-acceptable dates, on October 12 Plaintiff's counsel responded that Dickinson Wright has many attorneys and that Mr. Deromedi's "appearance is an appearance for all of Dickinson" (*id.*), as though all lawyers in a firm are equally familiar with the details of every matter. Plaintiff's counsel threatened to "file an emergency motion to compel" unless the depositions could be set before November 22, 2023. (*Id.*)

Mr. Deromedi immediately responded by email, explaining in detail again both his unavailability and the fact that, as long-standing counsel for Defendants, he needed to prepare and defend those critical deponents. Because Plaintiff's Motion makes no reference to counsel's communications, Mr. Deromedi's email is set out in full:

> Sarah,
>
> I have been clear in providing my schedule and availability for depositions of the two HOM executives in November. Notwithstanding whether the two deposition notices are timely and properly served and provided with some amount of notice, both the attorney and the deponent have to be available on the dates selected. I have given you notice of my unavailability and issues in November in

3

advance of your unilaterally chosen dates and also for the two ensuing periods that you offered as an extension. Your initial offer of a two week extension from your selected dates includes dates, which I am fully out of the office and out of the country. Whether you view the extensions offered as a professional courtesy, in any situation where I seek to schedule depositions, even if I send out a notice first, I preface the date be stating that I can work to select other dates mutually convenient with the parties.

While this matter has been going on a while, and we are waiting for rulings from the Judge as to the scope of the case, there is also no scheduling order or dates set in the case, and certainly no discovery deadline or trial date. In your follow up email you offer an additional accommodation to have depositions taken by November 22. There are no deadlines in this case that necessitate depositions by November 22. As I stated in my prior email, while I am mostly open in December, I offered scheduling in middle of the first week of December which would be 6-8 and two weeks after your last proposed date. There are no substantive grounds to seek an emergency motion to compel the depositions, but especially given that there are not any ensuing deadlines that must be met by the parties.

Your statement that the firm can find a "talented attorney to defend a deposition" and apparently "all of Dickinson Wright is too busy to offer a date" to defend depositions involving executives and decision makers in this case is disingenuous and ignores the reality of the attorney-client relationship. HOM and the executives whom you will depose are my longstanding clients. The executives have been named as individual parties. They are being sued by HOM's former general counsel who alleges fraudulent activity. Their testimony involves the heart of Plaintiff's allegations and the defense of this case. These are not general fact witness depositions.

4

> HOM and the two executives want and deserve to have me as the attorney of their choice to appear at their depositions and to meet with them beforehand, especially where you have named them as individual parties. These are my specific clients and they are entitled to representation by the lawyer of their choice. Although given that context I should not have to add this, Lina Delmastro is on maternity leave and not available. Scott Hamilton appeared solely to argue Plaintiff's Motion to Disqualify the Firm in this matter. He appeared solely as an ethics specialist and he is not an employment litigator. Nor has he had any involvement in this case or contact with the client other than through his role responding to your Motion to Disqualify.
>
> I've stated my availability and issues with my schedule during your proposed dates, and why the depositions should reasonably be scheduled in December including starting December 6.

(*Id.*)

Rather than attempting to work out mutually-agreeable dates, on October 13, 2023 Plaintiff instead filed the present "emergency" motion to compel the depositions, even though (1) there is no actual emergency, and (2) there is no need to *compel* any depositions because, as is clearly demonstrated through Defendants' counsel's correspondence, there has not been any *refusal* to produce the witnesses for deposition, but only an inability to produce them on the dates Plaintiff's counsel unilaterally selected and arbitrarily insists upon.

5

## II.   ARGUMENT

This Court, through Administrative Order No. 08-AO-009, enacted the Civility Principles that apply to all lawyers practicing in this Court. (Exhibit 2). Principle No. 14 requires attorneys to "consult with other counsel regarding scheduling matters in a good-faith effort to avoid scheduling conflicts," and Principle No. 15 requires attorneys to "endeavor to accommodate previously-scheduled dates for hearings, depositions, meetings, conferences, vacations, seminars or other functions that produce good-faith calendar conflicts on the part of other counsel." Principle No. 17 requires attorneys to "agree to reasonable requests for extensions of time," because "it is the attorney, and not the client, who has the sole discretion to determine the accommodations to be granted opposing counsel in all matters not materially or adversely affecting the client's legitimate rights."

In this case, Plaintiff's counsel unilaterally noticed the two depositions without first consulting with Defendants' counsel "in a good faith effort to avoid scheduling conflicts," contrary to Civility Principle No. 14.

Defendants' counsel explained in detail to Plaintiff's counsel the "previously-scheduled dates for hearings, depositions, . . . [and] vacations . . . that produce[d] good-faith calendar conflicts" resulting from Plaintiff's counsel's unilaterally-picked deposition dates, which conflict Plaintiff's counsel should have "endeavor[ed] to accommodate" under Principle No. 15. Defendants' counsel made

clear his availability beginning the first week of December 2023 and asked Plaintiff's counsel if she was available then. Instead, she ignored Defendants' counsel's previously-scheduled conflicting matters and demanded the depositions to be scheduled within two weeks of when they were noticed (which Defendant's counsel had already told her would not work), contrary to Civility Principle No. 15. Plaintiff's counsel further failed to "agree to [Defendants' counsel's] reasonable request[] [to] exten[d] [the] time" for the depositions, contrary to Civility Principle No. 17.

To be clear, as previously stated and as is obvious from the correspondence attached as Exhibit 1, Defendants' counsel has not *refused* to produce witnesses for deposition; Defendants' counsel has simply sought to schedule the depositions for dates compatible with his pre-existing schedule (and the schedule of Plaintiff's counsel).

It should be noted that merely *two weeks* separated Defendants' counsel's dates of availability beginning the first week of December and Plaintiff's counsel's arbitrary insistence that the depositions be taken by November 22, 2023. (Exhibit 1). Rather than working to resolve the matter, Plaintiff instead filed the present Motion to Compel to require the depositions to proceed as Plaintiff unilaterally noticed them on October 24 and 30, characterizing (without basis) it as an "emergency."

This Court has frequently noted that lawyers in this district must observe and abide its Civility Principles, particularly concerning scheduling issues that should be resolved by counsel through simple courtesy, and without unnecessary resort to the Court. *See e.g. Nikaj v Hanover Ins., Co.,* 2018 WL 11358747 (E.D. Mich. Apr. 25, 2018) at *2 (counsel's "behavior seems contrary to [E.D. Mich. Civility Principle No. 15] that states counsel will 'endeavor to accommodate previously-scheduled dates for hearings, meetings, conferences, vacations, seminars, or other functions that produce good-faith calendar conflicts on the part of other counsel'"); *In re FCA US LLC Monostable Electronic Gearshift Litigation* 2017 WL 4216193 (E.D. Mich. Sept. 22, 2017)at *4 ("the Court urges the parties and their counsel, as did the magistrate judge, to give due consideration to the general principles of civility" and "to keep always in mind their professional obligations to follow these guiding principles in the context of their efforts to reach sensible accommodations as to the scheduling . . . all depositions to be taken in this litigation"); *Intercept Sec. Corp. v. Code-Alarm, Inc.*, 169 F.R.D. 318, 324 (E.D. Mich. 1996)(noting that "resort to this court to resolve petty disputes" is improper, and that "this court expects counsel to act in accordance" with the district's Civility Principles regarding discovery disputes); *Audi AG & Volkswagon of America, Inc. v. Izum;* 204 F. Supp.2d 1014, 1018 (E.D. Mich 2002) (noting litigation has "denigrated in a manner inconsistent with the Civility Principles adopted by" the E.D. Mich., and "admonish[ing] all

8

counsel to avoid . . . . ancillary conflicts that prevent an efficient resolution of the lawsuit").

Furthermore, several assertions in Plaintiff's Brief require correction.

First, Plaintiff's statement that "a party seeking *to avoid discovery* [must] file a motion [for protective order] and bear the burden of establishing good cause" (Plaintiff's Brief at 1) ignores the fact that Defendants have not sought to avoid discovery, but instead sought only to produce witnesses for deposition on mutually-agreeable dates.

Moreover, the "authority" Plaintiff cites in arguing that attorney scheduling issues, such as prior hearings, depositions and vacations, is not good cause for seeking a protective order, *Gamrat v McBroom*, 2017 WL 11454632 (W.D. Mich., Feb 17, 2017), and *Todd v. Hyster-Yale Group, Inc.*, 2019 WL 1938792 (E.D. Ky., May 1, 2019), is simply inapposite. To the contrary, this Court's Civility Principles expressly direct lawyers to take into account and avoid scheduling conflicts based on previously-set hearings, depositions and vacations.

*Gamrat* dealt with a hard deadline for serving a complaint, not moving for a protective order, noting that "allegations that an attorney is too 'busy' does not normally provide a sufficient basis *for failing to effect service within the 120-day period*." *Id.* at *1. (emphasis added). *Gamrat* had nothing to do with scheduling

9

depositions, much less in a circumstance, like the present case, with no deadlines in place.

*Todd* is equally inapposite. The plaintiff "propose[d] completely extending all the deadlines in the scheduling order, including the dates for the close of discovery, filing dispositive motions, the final pretrial conference, and the jury trial." *Id*. at *3. The court held that the plaintiff's counsel's reasons for revising the scheduling order – i.e., "that he has been engaged in several other time consuming professional and personal matters" -- had "been planned for some time and counsel had an obligation to account for those events when he engaged in the initial planning meeting," and "counsel has failed to demonstrate that he cannot meet the deadlines in the scheduling order based on" the concerns he raised. Those facts have no bearing on the present case, in which Defendants' counsel clearly and specifically demonstrated pre-existing scheduling conflicts with the deposition dates Plaintiff unilaterally picked, and in which no deadline for completing discovery has been established.

Second, Plaintiff's statement that Mr. Deromedi's "appearance is an appearance for all of Dickinson," and therefore any Dickinson Wright lawyer can stand in his stead for all pretrial proceedings is, simply wrong. First, it ignores that such statement comes from Michigan Court Rule 2.117(B)(4)(b), not any Federal Rule of Civil Procedure. MCR 2.117(B)(4)(b) provides that the "appearance of an

10

attorney is deemed to be the appearance of every member of the law firm" and "[a]ny attorney in the firm may be required by the court to conduct a *court-ordered conference or trial.*"(emphasis added). Even if it were applicable in this action (it is not), MCR 2.117(B)(4)(b) specifically limits the court's ability to order any attorney in a firm to conduct court-ordered conferences and trials, not all matters in the litigation, such as arguing motions or conducting discovery.

Furthermore, Plaintiff's claim that any Dickinson Wright attorney other than Mr. Deromedi can stand in his place ignores that parties are entitled to be represented by counsel of their choice, and that he has a long-standing relationship with the witnesses that no other firm member has. Moreover, as he explained to Plaintiff's counsel before Plaintiff filed this Motion, of the other Dickinson Wright lawyers who have appeared in this action – Angelina Delmastro and K. Scott Hamilton – the former is currently on parental leave, and the latter appeared only for the limited purpose of responding to Plaintiff's motion to disqualify and has held no further involvement in, or knowledge of, the litigation or discovery issues (other than stepping in to respond to the present Motion given the current unavailability of the other counsel of record).

## III. CONCLUSION

Plaintiff's "emergency" motion to compel depositions should be denied because there is no emergency, and because Defendants have not refused to produce those witnesses.

Respectfully submitted,

DICKINSON WRIGHT PLLC

By:     /s/ K. Scott Hamilton
K. Scott Hamilton (P44095)
500 Woodward Avenue, Suite 4000
Detroit MI 48226
(313) 223-3500

*Attorneys for Defendants*

Dated: October 27, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2023, I caused ***Defendants' Brief In Response To Plaintiff's "Emergency" Motion To Compel Depositions*** to be filed with the Clerk of the Court using the Court's electronic filing system, which will effectuate service upon all parties via their counsel of record.

/s/ K. Scott Hamilton
K. Scott Hamilton