# EXHIBIT 1

Subject: FW: FW: EXTERNAL: E-SERVICE: Gregory Parry v. Hospice of Michigan, Inc., et al.; Case No. 2:22-cv-11328-DPH-DRG

Date: 10/13/2023 10:19 AM

From: "David R. Deromedi" <DDeromedi@dickinson-wright.com>

To: "K. Scott Hamilton" <KHamilton@dickinson-wright.com>

FYI

**David R. Deromedi** Member

500 Woodward Avenue
Suite 4000
Detroit MI 48226
Profile | V-Card

Phone 313-223-3048
Mobile 734-255-3917
Fax  844-670-6009
Email DDeromedi@dickinsonwright.com



**From:** David R. Deromedi
**Sent:** Thursday, October 12, 2023 6:30 PM
**To:** 'Sarah Prescott' <sprescott@spplawyers.com>
**Cc:** Annemarie Smith-Morris <smith-morris@sppplaw.com>; Ken Mogill <kmogill@bignet.net>
**Subject:** RE: FW: EXTERNAL: E-SERVICE: Gregory Parry v. Hospice of Michigan, Inc., et al.; Case No. 2:22-cv-11328-DPH-DRG

Sarah,

I have been clear in providing my schedule and availability for depositions of the two HOM executives in November. Notwithstanding whether the two deposition notices are timely and properly served and provided with some amount of notice, both the attorney and the deponent have to be available on the dates selected. I have given you notice of my unavailability and issues in November in advance of your unilaterally chosen dates, and also for the two ensuing periods that you offered as an extension. Your initial offer of a two week extension from your selected dates includes dates which I am fully out of the office and out of the country. Whether you view the extensions offered as a professional courtesy, in any situation where I seek to schedule depositions, even if I send out a notice first, I preface the date be stating that I can work to select other dates mutually convenient with the parties.

While this matter has been going on a while, and we are waiting for rulings from the Judge as to the scope of the case, there is also no scheduling order or dates set in the case, and certainly no discovery deadline or trial date. In your follow up email you offer an additional accommodation to have depositions taken by November 22. There are no deadlines in this case that necessitate depositions by November 22. As I stated in my prior email, while I am mostly open in December, I offered scheduling in middle of the first week of December which would be 6-8, and two weeks after your last proposed date. There are no substantive grounds to seek an emergency motion to compel the depositions, but especially given that there are not any ensuing deadlines that must be met by the parties.

Your statement that the Firm can find a "talented attorney to defend a deposition" and apparently "all of Dickinson Wright is too busy to offer a date" to defend depositions involving executives and decision makers in this case is disingenuous and ignores the reality of the attorney-client relationship. HOM and the executives whom you will depose are my longstanding clients. The executives have been named as individual parties. They are being sued by HOM's former general counsel who alleges fraudulent activity. Their testimony involves the heart of Plaintiff's allegations and the defense of this case. These are not general fact witness depositions.

HOM and the two executives want and deserve to have me as the attorney of their choice to appear at their depositions and to meet with them beforehand, especially where you have named them as individual parties. These are my specific clients and they are entitled to representation by the lawyer of their choice. Although given that context I should not have to add this, Lina Delmastro is on maternity leave and not available. Scott Hamilton, appeared solely to argue Plaintiff's Motion to Disqualify the Firm in this matter. He appeared solely as an ethics specialist and he is not an employment litigator. Nor has he had any involvement in this case or contact with the client other than through his role responding to your Motion to Disqualify.

I've stated my availability and issues with my schedule during your proposed dates, and why the depositions should reasonably be scheduled in December including starting with December 6.

Regards,

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Thursday, October 12, 2023 4:55 PM
**To:** David R. Deromedi <DDeromedi@dickinson-wright.com>
**Cc:** Annemarie Smith-Morris <smith-morris@spplaw.com>; Ken Mogill <kmogill@bignet.net>
**Subject:** Re: FW: EXTERNAL: E-SERVICE: Gregory Parry v. Hospice of Michigan, Inc., et al.; Case No. 2:22-cv-11328-DPH-DRG

Hi David,

Here is my thinking....we are long into this and need to move it. To that end --

1. the deposition notices are timely and properly served
2. they were sent with a liberal amount of pre-warning
3. You waited a week after receiving the notices to mention any issue
4. I offered you additional time to suggest other, more workable dates -- i.e., we are then talking about not being able to find dates more than a month out from receipt of the original notice

I know you are aware that your appearance is an appearance for all of Dickinson, which is surely capable of finding a talented attorney to defend a deposition. And three attorneys have named appearances on this very matter. If you prefer any dates *before* the ones I have notice, we will work around those, between now and those dates, as an additional accommodation and I will agree to take dates until November 22. If your position is that all three lawyers on the file and all of Dickinson Wright is too busy to offer a date between now and November 22, please let me know. I will file an emergency motion to compel.

Sarah

On Thu, Oct 12, 2023 at 4:35 PM David R. Deromedi <DDeromedi@dickinson-wright.com> wrote:

Sarah,

I am not able to offer 2 dates within the time period of the dates you unilaterally picked. I am not available for over a week of that period of time. I have depositions scheduled the week of November 13. I do not otherwise have blocks of time during the week of November 6 for two days of depositions and regardless will be dealing with work that had to be pushed back while I was gone. I will be preparing for my hearing leading into Thanksgiving and going through the hearing after.

As I stated in my email, I need to look at dates in December or January based on my actual availability. December is fairly open starting with the middle of the first week.

**From:** Sarah Prescott <sprescott@spplawyers.com>
**Sent:** Thursday, October 12, 2023 3:33 PM
**To:** David R. Deromedi <DDeromedi@dickinson-wright.com>
**Cc:** Annemarie Smith-Morris <smith-morris@spplaw.com>; Ken Mogill <kmogill@bignet.net>
**Subject:** Re: FW: EXTERNAL: E-SERVICE: Gregory Parry v. Hospice of Michigan, Inc., et al.; Case No. 2:22-cv-11328-DPH-DRG

Hi David,

If you offer firm alternative dates that fall within 2 weeks of the ones we noticed, we will accommodate that as a professional courtesy.

Sarah

On Thu, Oct 12, 2023, 2:40 PM David R. Deromedi <DDeromedi@dickinson-wright.com> wrote:

Sarah,

I've reviewed the deposition notices. We will need to find an alternate date for the depositions of HOM personnel. I am out of the office for 2 weeks week through November 1, have a full schedule for November, and administrative hearing starting 11/28.

I'd like to see if there are potential dates in December or January for these depositions and for the deposition of Greg Parry.

Let me know what dates are open for you.

Thank you,

**From:** Tara Lank <lank@spplaw.com>
**Sent:** Thursday, October 5, 2023 3:54 PM
**To:** David R. Deromedi <DDeromedi@dickinson-wright.com>; Angelina (Lina) Delmastro <ADelmastro@dickinson-wright.com>

**Cc:** Sarah Prescott <prescott@sppplaw.com>; Annemarie Smith-Morris <smith-morris@sppplaw.com>; Ken Mogill <kmogill@bignet.net>
**Subject:** EXTERNAL: E-SERVICE: Gregory Parry v. Hospice of Michigan, Inc., et al.; Case No. 2:22-cv-11328-DPH-DRG

cryDear Counsel,

Attached hereto regarding the above-referenced matter, please find copies of the following documents:

1. Plaintiff's Notice of Taking Depositions - Duces Tecum of Patrick Miller and Lee Ann Myers.

If you have any questions, please contact our office.  Thank you.

--
**Sincerely,**
**Tara Lank**
Legal Assistant
**Salvatore Prescott Porter & Porter, PLLC**
105 E. Main Street
Northville, MI 48167
(248) 679-8711 (t)
(248) 773-7280 (f)
http://www.sppplaw.com
Like us on Facebook

*This message originates from the law firm of Salvatore Prescott Porter & Porter, PLLC, and may contain legally privileged and confidential information intended solely for the use of the addressee. If you are not the intended recipient and have received this message in error, please notify us at info@sppplaw.com and please delete this message from your system. Any unauthorized reading, distribution, copying, or other use of this message or its attachments is strictly prohibited.*

**David R. Deromedi** Member

500 Woodward Avenue
Suite 4000
Detroit MI 48226

Phone 313-223-3048
Mobile 734-255-3917
Fax 844-670-6009
Email DDeromedi@dickinsonwright.com

-

-

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

**David R. Deromedi** Member

500 Woodward Avenue
Suite 4000
Detroit MI 48226

Phone 313-223-3048
Mobile 734-255-3917
Fax 844-670-6009
Email DDeromedi@dickinsonwright.com

Profile   V-Card



DICKINSON WRIGHT PLLC

The information contained in this e-mail, including any attachments, is confidential, intended only for the named recipient(s), and may be legally privileged. If you are not the intended recipient, please delete the e-mail and any attachments, destroy any printouts that you may have made and notify us immediately by return e-mail.

Neither this transmission nor any attachment shall be deemed for any purpose to be a "signature" or "signed" under any electronic transmission acts, unless otherwise specifically stated herein. Thank you.

10/25/2023