**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

GREGORY PARRY,

    Plaintiff,

v.

HOSPICE OF MICHIGAN, INC., a Michigan non-profit corporation, ROBERT CAHILL, PATRICK MILLER, and LEE ANN MYERS,

    Defendants.

Case No. 2:22-CV-11328

HON. DENISE PAGE HOOD

---

Sarah S. Prescott (P70510)
AnneMarie Smith-Morris (P87221)
SALVATORE PRESCOTT PORTER
  & PORTER, PLLC
105 East Main Street
Northville, MI  48167
(248) 679-8711
prescott@sppplaw.com
smith-morris@sppplaw.com
*Attorneys for Plaintiff*

Kenneth M. Mogill (P17865)
MOGILL, POSNER & COHEN
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362
(248) 814-9470
kmogill@bignet.net
*Attorneys for Plaintiff*

David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

---

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF OFFER OF SEVERANCE AND RELEASE OF CLAIMS AGREEMENT**

Defendants Hospice of Michigan, Robert Cahill, Patrick Miller, and Lee Ann Myers (collectively, "Defendants"), by and through their attorneys, Dickinson Wright PLLC, move *in limine* to exclude from trial Defendant HOM's offer of a severance and release of claims agreement. In support of their Motion, Defendants rely on the facts, arguments, and authority set forth in their accompanying Brief.

Pursuant to Local Rule 7.1(a)(2)(A), the undersigned states that there were conferences between the parties' attorneys on October 17 and 21, 2024 in which the undersigned explained the nature of the Motion and its legal basis and requested but did not obtain concurrence in the relief sought.

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order: (1) granting their Motion *in Limine*; and (2) excluding from trial evidence of Defendant HOM's offer of a severance and release of claims agreement.

Respectfully submitted,

DICKINSON WRIGHT PLLC

Date: October 21, 2024

 */s/ David R. Deromedi*
David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

GREGORY PARRY,

    Plaintiff,

v.

HOSPICE OF MICHIGAN, INC., a Michigan non-profit corporation, ROBERT CAHILL, PATRICK MILLER, and LEE ANN MYERS,

    Defendants.

Case No. 2:22-CV-11328

HON. DENISE PAGE HOOD

---

Sarah S. Prescott (P70510)
AnneMarie Smith-Morris (P87221)
SALVATORE PRESCOTT PORTER
  & PORTER, PLLC
105 East Main Street
Northville, MI  48167
(248) 679-8711
prescott@sppplaw.com
smith-morris@sppplaw.com
*Attorneys for Plaintiff*

Kenneth M. Mogill (P17865)
MOGILL, POSNER & COHEN
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362
(248) 814-9470
kmogill@bignet.net
*Attorneys for Plaintiff*

David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

---

**DEFENDANTS' BRIEF IN SUPPORT OF THEIR MOTION
*IN LIMINE* TO EXCLUDE EVIDENCE OF OFFER
OF SEVERANCE AND RELEASE OF CLAIMS AGREEMENT**

## TABLE OF CONTENTS

**INDEX OF AUTHORITIES** .................................................................................. ii

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ........................ iv

**I.  INTRODUCTION AND FACTUAL BACKGROUND** ............................ 1

**II. ARGUMENT** ................................................................................................ 1

    A.    Legal Standard ................................................................................. 1

    B.    Defendant HOM's Offer of Severance in Exchange for Plaintiff's Release of Claims is Inadmissible ........................................ 2

**III. CONCLUSION** ............................................................................................ 3

# INDEX OF AUTHORITIES

**Cases**

*Dorchy v. Fifth Third Bank*, 584 F. Supp. 3d 424 (E.D. Mich. 2022)........................2

*United States v. Hamilton*, 574 F. Supp. 3d 461 (E.D. Mich. 2021).........................2


**Rules**

Fed. R. Evid. 102 ..............................................................................................1

Fed. R. Evid. 103(d)...........................................................................................1

Fed. R. Evid. 408 ................................................................................. i, 1, 2

# ISSUE PRESENTED

(1) Should the Court exclude from trial evidence of Defendant HOM's offer of severance in exchange for a release of claims where it is barred from evidence by FRE 408?

    Defendants Answer:    Yes.

    Plaintiff Answers:    No.

    This Court should Answer:    Yes.

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

Fed. R. Evid. 408

# I. INTRODUCTION AND FACTUAL BACKGROUND

In this case, Plaintiff brings three different retaliation claims against Defendants: retaliation in violation of the False Claims Act, retaliation in violation of Michigan public policy, and retaliation in violation of the Michigan Medicaid False Claims Act.

On July 20, 2021, Defendant HOM presented Plaintiff with a Release and Separation Agreement in connection with Plaintiff's termination of employment. In that Agreement, Defendant HOM offered Plaintiff severance payments and other benefits in exchange for Plaintiff releasing any and all claims Plaintiff may have had against Defendant HOM. Plaintiff intends to present evidence of this offer at trial, including both the offered agreement itself and email communications relating to the offer. Defendant HOM's severance offer and associated communications are inadmissible under FRE 408 and should be excluded from trial.

# II. ARGUMENT

## A. Legal Standard

The Federal Rules of Evidence "should be construed so as to administer every proceeding fairly, eliminate unjustifiable expense and delay, and promote the development of evidence law, to the end of ascertaining the truth and securing a just determination." Fed. R. Evid. 102. For that reason, "[t]o the extent practicable, the court must conduct a jury trial so that inadmissible evidence is not suggested to the jury **by any means**." Fed. R. Evid. 103(d) (emphasis added).

A motion *in limine* is a motion "to obtain advance rulings on the admissibility of evidence so that trial preparation is facilitated, distractions during trial are reduced, legal issues can be deliberated more serenely, and the risk of exposure of the jury to inadmissible evidence can be minimized." *United States v. Hamilton*, 574 F. Supp. 3d 461, 466 (E.D. Mich. 2021).

### B. Defendant HOM's Offer of Severance in Exchange for Plaintiff's Release of Claims is Inadmissible

FRE 408 provides that evidence of "furnishing, promising, or offering – or accepting, promising to accept, or offering to accept – a valuable consideration in compromising or attempting to compromise the claim" is not admissible "either to prove of disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement or a contradiction." Fed. R. Evid. 408(a)(1). "Conduct or a statement made during compromise negotiations about the claim" are likewise inadmissible. *Id.*

In connection with terminating Plaintiff's employment, Defendant HOM offered him severance payments and other benefits in exchange for him executing a release of claims. This offer and the communication thereof is inadmissible under FRE 408. *Dorchy v. Fifth Third Bank*, 584 F. Supp. 3d 424, 426 (E.D. Mich. 2022) (granting defendant's motion *in limine* and holding that defendant's offered separation agreement and general release of claims was inadmissible to prove validity, amount of claim, or to impeach employee by prior inconsistent testimony).

2

Thus, the Court should exclude from trial all evidence of Defendant HOM's offer of severance in exchange for a release of claims, including the offered agreement itself and communications associated with it.

## III.   CONCLUSION

WHEREFORE, Defendants respectfully request that this Honorable Court enter an Order: (1) granting their Motion *in Limine*; and (2) excluding from trial any evidence of Defendant HOM's offer of severance in exchange for Plaintiff's release of claims.

Date: October 21, 2024

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ David R. Deromedi*
David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

**CERTIFICATE OF SERVICE**

I certify that on October 21, 2024, I electronically filed the foregoing *Motion in Limine* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

*/s/ Colleen L. Maguire*

Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan 48226-3425
(313) 223-3500
cmaguire@dickinsonwright.com