UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

    Plaintiff,

v.

HOSPICE OF MICHIGAN, INC., a
Michigan non-profit corporation,
ROBERT CAHILL, PATRICK
MILLER, and LEE ANN MYERS,

    Defendants.

Case No. 2:22-CV-11328

HON. DENISE PAGE HOOD

---

Sarah S. Prescott (P70510)
AnneMarie Smith-Morris (P87221)
SALVATORE PRESCOTT PORTER
  & PORTER, PLLC
105 East Main Street
Northville, MI  48167
(248) 679-8711
prescott@spplaw.com
smith-morris@spplaw.com
*Attorneys for Plaintiff*

David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

Kenneth M. Mogill (P17865)
MOGILL, POSNER & COHEN
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362
(248) 814-9470
kmogill@bignet.net
*Attorneys for Plaintiff*

---

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO
PLAINTIFF'S MOTION *IN LIMINE***

# **TABLE OF CONTENTS**

**INDEX OF AUTHORITIES** ................................................................................... ii

**ISSUE PRESENTED** ............................................................................................. iii

**CONTROLLING OR MOST APPROPRIATE AUTHORITY** ........................ iv

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE*** .................................................................. 1

I.     INTRODUCTION AND FACTUAL BACKGROUND ............................. 1

II.    ARGUMENT ................................................................................................. 2

        A.     Legal Standard ..................................................................................... 2

        B.     Defendants have not asserted attorney-client privilege as to most of the evidence Plaintiff seeks to exclude from trial. ................... 3

        C.     Defendants' retention of HLP, the purpose for retention, and the fact HLP developed a report are not protected by the attorney-client privilege. ....................................................................................... 7

III.   CONCLUSION ........................................................................................... 11

# INDEX OF AUTHORITIES

**Cases**

*Cason-Merenda v. Detroit Med. Ctr.*, 2009 WL 1067334, at * 3 (E.D. Mich. Apr. 21, 2009) ................................................................................................. 8,9

*Cason-Merenda v. VHS of Michigan, Inc.*, 2013 WL 5449159 (E.D. Mich. Sept. 30, 2013) ................................................................................................. 9,10

*Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211 (6th Cir. 1985) ........................................................................................................... 3,8,9

*John Labatt Ltd. v. Molson Breweries*, 898 F. Supp. 471 (E.D. Mich.1995) . 3,7,8,10

*Ross v. City of Memphis*, 423 F.3d 596 (6th Cir. 2005) ........................................ 3,7

*United States v. Dakota*, 197 F.3d 821 (6th Cir.1999) .............................................. 2

*Upjohn Co. v. United States*, 449 U.S. 383 (1981) .................................................... 2

*Zimmerman v. Wells Fargo Advisors, LLC*, 2016 WL 11601249 (E.D. Mich. Feb. 8, 2016) ................................................................................................ 3, 6

**Rules**

Fed. R. Evid. 501 ........................................................................................................ 2

## ISSUE PRESENTED

(1) Should the Court allow Defendants to introduce evidence of HOM's retention of Health Law Partners ("HLP"), the purpose for which HLP was retained, and the fact that HLP issued a report of its findings?

    Defendants Answer:    Yes.

    Plaintiff Answers:    No.

    This Court should Answer:    Yes.

## **CONTROLLING OR MOST APPROPRIATE AUTHORITY**

Fed. R. Evid. 501

*Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211 (6th Cir. 1985)

*John Labatt Ltd. v. Molson Breweries,* 898 F. Supp. 471 (E.D. Mich. 1995)

**DEFENDANTS' RESPONSE AND BRIEF IN OPPOSITION
TO PLAINTIFF'S MOTION *IN LIMINE*** 

Defendants respond in opposition to Plaintiff's motion *in limine* as follows:

## I. INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff Gregory Parry ("Plaintiff") filed a motion *in limine* seeking to bar Defendants from introducing evidence at trial that (1) Defendant Hospice of Michigan ("HOM") retained the law firm Health Law Partners ("HLP"), (2) that Defendants retained HLP to investigate concerns regarding the relationship between Jewish Hospice and Chaplaincy Network ("JHCN"), Rabbi E.B. "Bunny" Freedman, Natalie Rosenfield, and HOM, and (3) that HLP ultimately issued a report as to their findings. (*See* Plaintiff's Motion, ECF No. 50, PageID.529.)

Defendants do not intend to introduce or attempt to introduce at trial information about which they asserted the attorney-client privilege during discovery. Yet, Defendants must oppose Plaintiff's Motion because Plaintiff wrongly asserts that because Defendants opposed discovery of <u>certain</u> information protected by the attorney-client privilege, Defendants are *<u>wholly barred</u>* from establishing or referencing the mere existence of HOM's attorney-client relationship with HLP altogether and other non-privileged, discoverable facts related thereto. (*See* Pl. Mot., ECF No. 50, PageID.528–529.) Plaintiff's Motion fails for two reasons.

First, Defendants have not asserted attorney-client privilege as to the fact that HOM retained HLP, the purpose of HLP's retention, or that HLP ultimately issued

1

a report as to its findings. In fact, Plaintiff questioned, without objection from Defendants, Defendants Lee Ann Myers, Robert Cahill, and Patrick Miller regarding the retention of HLP, the purpose of the retention, and the existence of a report.

Second, the bare facts that Defendants retained HLP, the purpose for retention, and that HLP ultimately issued a report are not subject to the attorney-client privilege. Defendants correctly did not assert attorney-client privilege as to these bare facts. Defendants never sought to prevent discovery of evidence of these facts that Plaintiff now seeks to prevent Defendants from presenting at trial.

For these reasons, the Court should deny Plaintiff's motion *in limine* to the extent that it seeks to bar Defendants from introducing evidence of Defendants' retention of HLP, the purpose for such retention, and evidence of the fact that HLP ultimately issued a report.[1]

## II. ARGUMENT

### A. Legal Standard

The Federal Rules of Evidence provide that claims of privilege are governed by the common law unless otherwise provided for by the United States Constitution, a federal statute, or rules prescribed by the Supreme Court. Fed. R. Evid. 501. The Supreme Court has recognized that "[t]he attorney-client privilege is the oldest of

---

[1] Defendants do not oppose Plaintiff's motion *in limine* with respect to the report itself. The report itself is protected by the attorney-client privilege and should not be admitted into evidence at trial.

2

the privileges for confidential communications known to the common law." *Upjohn Co. v. United States*, 449 U.S. 383, 389 (1981). "The burden of establishing the existence of the privilege rests with the person asserting it." *United States v. Dakota*, 197 F.3d 821, 825 (6th Cir. 1999).

The "[a]ttorney-client privilege protects **communications** between an attorney and a client made in confidence and for the purpose of obtaining or facilitating the rendition of professional legal service." *John Labatt Ltd. v. Molson Breweries,* 898 F. Supp. 471, 473 (E.D. Mich. 1995) (emphasis added). It is well accepted that generally "the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged." *Humphreys, Hutcheson & Moseley v. Donovan*, 755 F.2d 1211, 1219 (6th Cir. 1985).

**B.   Defendants have not asserted attorney-client privilege as to most of the evidence Plaintiff seeks to exclude from trial.**

Plaintiff cites a slew of cases, including *Zimmerman v. Wells Fargo Advisors, LLC*, 2016 WL 11601249, at * 5 (E.D. Mich. Feb. 8, 2016), all standing for the proposition that a party generally may not assert a privilege, and thereafter waive that privilege in an effort to gain an advantage at trial. (*See* Pl. Mot., ECF No. 50, PageID.536–539.) In other words, "the attorney-client privilege cannot at once be used as a shield and a sword." *Ross v. City of Memphis*, 423 F.3d 596, 604 (6th Cir. 2005) (internal citations and quotations omitted). As the Sixth Circuit explained,

3

"[t]his image is meant to convey that the privilege may implicitly be waived when defendant asserts a claim that in fairness requires examination of protected communications." *Id.* at 604-05 (internal citations and quotations omitted).

Defendants do not intend to introduce or attempt to introduce at trial evidence about which they asserted the attorney-client privilege during discovery. Defendants agree with Plaintiff that a party may not first assert a privilege to prevent disclosure of evidence, only to later, at trial, introduce that very same evidence they prevented from being disclosed. Defendants intend only to introduce information as to which they never asserted the attorney-client privilege to begin with.

Plaintiff seeks to preclude Defendants from introducing or discussing the fact that HOM retained HLP, and that the purpose of HLP's retention was to investigate concerns regarding JHCN's relationship with HOM. (*See* Pl. Mot., ECF No. 50, PageID.529.) Plaintiff cites deposition testimony from Myers, Cahill, and Miller that purportedly supports his position. (*See* Pl. Mot., ECF No. 50, PageID.532–535.) However, that deposition testimony actually makes clear that Defendants did not object to Plaintiff obtaining information establishing the fact that HOM retained HLP and the purpose for the retention.

Indeed, Plaintiff's counsel questioned each individual Defendant regarding the engagement of HLP and the purpose of such retention:

4

*Cahill*

Q: Okay. So you wanted – the original idea of the outside counsel retention was that you were pretty sure that you guys were clean, you were good on the Anti-Kickback Statute, but you thought this would help Greg Parry?

A: Yeah, and I think it also was good because he brought up some concerns that, I think, you know, particularly when we discovered about Natalie, it's always good to make sure that everything is being doing the way we can do it the best we can.

Q: And the Health Law Partners went into their investigation and they did -- did you ever meet with anyone from Health Law Partners one-on-one? I don't know need to know what you said, but did you ever meet with investigators from Health Law Partners in a one-on-one interview as part of what their process was?

A: We did meet -- I don't think it was one-on-one, but yes, we met. (**Exhibit A**, R. Cahill Dep. Tr. 149:23-150:15.)

\*\*\*

*Miller*

Q: Other than Health Law Partners, did you – do you know of anybody who did an investigation into possible wrongdoing under the AKS at J—you know, at HOM?

A: I know we had HLP, Health Law Partners… (**Exhibit B**, P. Miller Dep. Tr. 134:1-8.)

Q: When was Health Law Partners retained to investigate anything to do with kickbacks?

A: I don't remember the date. (Miller Dep. Tr. 136:23-25).

\*\*\*

*Myers*

Q: And then you all agreed together to – had you already hired HLP or –

A: No.

Q: No. You agreed that they're on that phone call to hire Health Law Partners?

A: Correct. (**Exhibit C**, L. Myers Dep. Tr.188:23-189:3.)

5

> Q: Do you recall what date you first reached out to Foley? Or excuse me, excuse me, HLP? Health Law Partners?
> A: I thought it was maybe the 7th. (Myers Dep. Tr. 84:14-17.)

Defendants do not dispute that they asserted attorney-client privilege to prevent the disclosure of privileged attorney-client *communications* between Defendants and HLP. At trial, Defendant seeks to establish only the existence of the attorney-client relationship and the purpose for such retention, not the substance of the attorney-client communications. (*See* **Exhibit D**, Def. Proposed Trial Ex. C.) Thus, Defendants do not impermissibly seek to use the attorney-client privilege as "both a sword and a shield" because the evidence Defendants seek to introduce is wholly distinct from the evidence over which they asserted privilege. *Zimmerman*, 2016 WL 11601249, at *5.

Likewise, Defendants never asserted privilege as to the fact HLP produced a report. Again, Plaintiff's counsel questioned Defendants – without objection – regarding this fact:

> *Cahill*
> Q: but when Health Law Partners came out with what its final output was, did it give you something in writing, I don't want to know what it said – well, I do—but did it give you something in writing?
> A: Yes. (Cahill Dep. Tr. 151:12-16.)
>
> Q: Right. When was the Health Law Partners finalized report done?

6

> A: Around the summertime of '21. (Cahill Dep. Tr. 160:15-17.)
>
> *Myers*
> Q: Okay. Where – were there findings made?
> A: You're asking about the conclusion of the compliance investigation?
> Q: I just want to know if there were findings.
> A: Findings as defined by?
> > Mr. Deromedi: She just wants to know if there were findings issued.
> Q: Yeah, like, was there a report –
> A: Yes.
> Q: - that said this is what we found?
> A: Yes.
> Q: Okay. What were the findings?
> > Mr. Deromedi: And that's where I have to object on attorney-client privilege. (Myers Dep. 65:20–66:9.)

Defendants' objections on the basis of attorney-client privilege were confined to the content of the report, not the mere existence of it. (*See id.*) Consequently, the sword and shield dichotomy does not apply here either. Defendants do not seek to rely on evidence protected by the attorney-client privilege. Instead, Defendants intend only to establish the existence of the attorney-client relationship between HLP and HOM, the purpose for that relationship, and that a report was eventually prepared.

    **C.    Defendants' retention of HLP, the purpose for retention, and the fact HLP developed a report are not protected by the attorney-client privilege.**

Regardless of whether Defendants objected on the basis of privilege, the evidence Plaintiff seeks to exclude from trial regarding the fact of retention, purpose

7

of retention, and existence of the report, does not fall under the umbrella of attorney-client privilege. Privilege was not, and never could have been, successfully asserted. As stated, the attorney-client privilege applies to communications between clients and their attorneys made for the purpose of obtaining legal services. *John Labatt Ltd.,* 898 F. Supp. at 473. However, the privilege is not a complete bar to all evidence or information relating to an attorney-client relationship. Rather, "the fact of legal consultation or employment, clients' identities, attorney's fees, and the scope and nature of employment are not deemed privileged." *Humphreys, Hutcheson & Moseley*, 755 F.2d at 1219. Further, "[t]he fact of an attorney/client relationship, contacts with counsel and the general subject matter as to which the attorney/client relationship pertains is not privileged." *Cason-Merenda v. Detroit Med. Ctr.*, 2009 WL 1067334, at * 3 (E.D. Mich. Apr. 21, 2009).

As such, Defendants never asserted attorney-client privilege as to the existence of HOM's attorney-client relationship with HLP, as this constitutes "the fact of…employment," which courts have expressly stated falls outside of the attorney-client privilege. *Humphreys, Hutcheson & Moseley*, 755 F.2d at 1219. Further, the engagement letter evidencing HOM's employment of HLP as produced

8

in discovery[2] merely establishes the existence of the attorney-client relationship and, as such, is not a privileged attorney-client communication. (Ex. D.)

Likewise, attorney-client privilege does not apply to the nature of HLP's employment and the purposes for which they were retained. *Humphreys, Hutcheson & Moseley*, 755 F.2d at 1219 ("the scope and nature of employment are not deemed privileged"). In *Cason-Merenda,* 2009 WL 1067334, at * 3, this court explained that "[t]he general subject matter as to which the attorney/client relationship pertains is not privileged." As such, the fact that the purpose of HLP's retention was to investigate concerns regarding JHCN's relationship with HOM falls precisely into this court's definition of information outside of the attorney-client privilege.

Similarly, the fact that HLP produced an investigation report is not attorney-client privileged; this, too, is a fact regarding "the scope and nature of employment." *Id*. This, again, comports with this court's understanding of the bounds of the attorney-client privilege. For example, in *Cason-Merenda v. VHS of Michigan, Inc.,* 2013 WL 5449159, at *2 (E.D. Mich. Sept. 30, 2013), defendants sought to exclude deposition excerpts on the basis of attorney-client privilege where the excerpts discussed a memorandum authored by in-house counsel. The court explained that because the depositions only generally described the memorandum as a source of

---

[2] Defendants appropriately redacted from the engagement letter all substantive legal discussion and advice from the engagement letter before production.

9

guidance to defendants, it did not fall under the umbrella of attorney client privilege. As the memorandum "merely divulged the fact of a communication received from counsel, and not its content," the court found the memorandum was not privileged. *Id*. at *2. As in *Cason-Merenda*, here, the fact HLP developed an investigation report establishes only that a communication from counsel was received. Accordingly, this fact is not protected by the attorney-client privilege.

      Defendants do not dispute that they did not produce in discovery confidential communications between Defendants and HLP made for the purpose of obtaining legal services. This is because, unlike the bare facts set out above, attorney-client communications <u>are</u> protected by the attorney client privilege. *John Labatt Ltd.,* 898 F. Supp. at 473. Defendants have consistently maintained throughout this litigation that these communications are privileged and their position has not changed now. Defendants will not seek to introduce at trial documents withheld during discovery on the basis of attorney-client privilege.

10

### III.     CONCLUSION

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order denying Plaintiff's Motion *in Limine*.

Date: November 4, 2024

Respectfully submitted,

DICKINSON WRIGHT PLLC

By: */s/ David R. Deromedi*
David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I certify that on November 4, 2024, I electronically filed the foregoing *Response and Brief in Opposition to Plaintiff's Motion in Limine* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

*/s/ Colleen L. Maguire*

Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500
cmaguire@dickinsonwright.com