## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

GREGORY PARRY,

      Plaintiff,

v.

HOSPICE OF MICHIGAN, INC., a
Michigan non-profit corporation,
ROBERT CAHILL, PATRICK
MILLER, and LEE ANN MYERS,

      Defendants.

Case No. 2:22-CV-11328

HON. DENISE PAGE HOOD

---

Sarah S. Prescott (P70510)
AnneMarie Smith-Morris (P87221)
SALVATORE PRESCOTT PORTER
  & PORTER, PLLC
105 East Main Street
Northville, MI  48167
(248) 679-8711
prescott@sppplaw.com
smith-morris@sppplaw.com
*Attorneys for Plaintiff*
Kenneth M. Mogill (P17865)
MOGILL, POSNER & COHEN
27 E. Flint St., 2nd Floor
Lake Orion, MI  48362
(248) 814-9470
kmogill@bignet.net
*Attorneys for Plaintiff*

David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
DICKINSON WRIGHT PLLC
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

---

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF
## THEIR MOTION *IN LIMINE* TO EXCLUDE
## PLAINTIFF'S UNAUTHORIZED AUDIO RECORDINGS

## A.   *Plaintiff's* Statements Are Not FRE 801(d)(2) Statements by a Party-Opponent.

The audio recordings are a back-and-forth between Plaintiff and Defendants. Plaintiff's statements do not fall within the FRE 801(d)(2) hearsay exception for statements by a party-opponent.   Plaintiff cannot introduce his own hearsay statements into evidence under this exception.  *See U.S. v. McDaniel*, 398 F.3d 540 (6th Cir. 2005) ("Rule 801(d)(2), however, does not extend to a party's attempt to introduce his or her own statements through the testimony of other witnesses."). Plaintiff did not identify **splices** of audio recordings as trial exhibits – Plaintiff identified the three audio recordings and their transcripts.  Absent splicing and dicing, the audio recordings are hearsay.

## B.   Defendants Did Not Waive the Attorney-Client Privilege

The first two audio recordings consist exclusively of private oral communications between attorney and client in which the attorney and client discuss a legal risk the attorney believes the client is facing.  That is the epitome of attorney-client privilege.

Defendants did not and have not waived the attorney-client privilege.  The use of the audio recordings during depositions did not destroy the privilege.  Playing the audio recording for Miller does not violate the privilege because he is the client. Asking Plaintiff questions about the audio recordings does not violate the privilege because he is the attorney.

1

Plaintiff's inadvertent disclosure and claw-back case law is unpersuasive. This is not a case of inadvertent disclosure. Defendants did not produce the audio recordings at all, inadvertently or otherwise. Case law analyzing the speed with which a party did or did not claw back privileged information is likewise inapt because Defendants did not originally possess the audio recordings to begin with and so there was nothing for them to "claw back." Thus, the claw-back and inadvertent cases on which Plaintiff relies are readily distinguishable from the present facts and should not guide the Court's reasoning.

Plaintiff's privilege log argument is also misplaced. It would make no sense for the audio recordings to appear on Defendants' privilege log. A privilege log is a mandatory discovery disclosure which provides the opposing party notice of documents that a party is withholding from production in discovery on the basis of privilege. *See* Fed. R. Civ. P. 26(b)(5). Defendants did not list the audio recordings on their privilege log because Defendants were not withholding the audio recordings from production in discovery. Indeed, Defendants could not withhold the audio recordings because they never had them. Obviously, the audio recordings would not be listed on Defendants' privilege log. Under these circumstances the presence or absence of the audio recordings on Defendants' privilege log is irrelevant to the question of waiver.

**C.    Admitting the Audio Recordings into Evidence Does Not Advance Public Policy**

Plaintiff's public policy argument rings hollow when Plaintiff was taping without Defendants' knowledge.  This directly undermines his client's attempt to have frank discussions about legal matters and raise questions.  The audio recordings reflect that Defendants believed that they were consulting with their legal counsel in confidence.  In the audio recordings, Plaintiff is raising an issue, providing legal analysis, and recommending certain actions.  The client is asking questions and asking to explore options.  Plaintiff is gauging risk and expressing his opinion.  The client asks Plaintiff for further review and assessment.  This is a typical attorney client discussion; clients evaluate what their attorney tells them and assess their options.  The audio recordings contain exactly what the attorney-client privilege seeks to protect and exemplify the public policy behind the attorney-client privilege doctrine.

Plaintiff's reliance on ethical rules and opinions is similarly ironic given the way he recorded his client without their consent.  In any event, the Model Rule and ABA Opinion on which Plaintiff relies do not support the wholesale disclosure Plaintiff seeks.  To the extent that Plaintiff is permitted to disclose privileged information in order to prove his case, his ability to do so is limited.  The Model Rule and other legal authority Plaintiff cites do not support wholesale disclosure of

attorney-client communications.  As Plaintiff cites in his Response, Model Rule

1.6(b)(5) provides that:

> A lawyer may reveal information relating to the representation of a client **_to the extent the lawyer reasonably believes necessary_** . . . to establish a claim or defense on behalf of the lawyer in a controversy between the lawyer and the client . . .

(emphasis added).

The ABA Formal Opinion 01-424 similarly provides that:

> . . . An in-house lawyer pursuing a wrongful discharge claim **must comply with her duty of confidentiality to her former client** and **may reveal information to the extent necessary** to establish her claim against her employer.  **The lawyer must take reasonable steps, however, to avoid unnecessary disclosure and limit the information revealed**.

ABA Formal Opinion 01-242 (2001) (emphasis added).

Model Rule 1.6(b)(5) and ABA Formal Opinion 01-424 thus do not

countenance wholesale disclosure but, rather, provide for limited, reasonably

necessary disclosure.  The audio recordings are not necessary to Plaintiff's case.  As

Plaintiff eagerly points out, there are emails and deposition testimony covering the

topics of the audio recordings.  (ECF No. 59, PageID.824–825.)  The audio

recordings are not necessary.

Plaintiff's citations to the Restatement of Law (Third) Governing Lawyers §§

64 and 65 are inapposite.  (ECF No. 59, PageID.829.)  Plaintiff is not defending

against a claim of wrongdoing in representing the client – he is the one suing

Defendants and attempting to use the privileged information as a sword, not a shield and there is no attorney-client dispute regarding compensation for legal services here.

Finally, with respect to public policy concerns, the crime fraud exception to the attorney-client privilege does not apply.  Plaintiff plans to argue that Defendants were engaging in criminal activity, they knew that they were engaging in criminal activity, and they consciously planned to continue engaging in criminal activity knowing that it was criminal after the recorded conversations.  There is no evidence to support that level of knowledge.

**D.    Plaintiff's Main Purpose for the Audio Recordings is to Unfairly Prejudice Defendants.**

Here, unfair prejudice is not a side effect of introducing the audio recordings. Rather, it is the intended effect.  At the beginning of his Response Brief, Plaintiff reveals the purpose for using the audio recordings at trial: "This is an employment whistleblower retaliation lawsuit *centered on underlying criminal fraud*."  (ECF No. 59, PageID.811 (emphasis added).)  Proving criminal fraud is Plaintiff's reason for seeking to introduce the audio recordings, not proving retaliation.  That is what makes it *unfairly* prejudicial to Defendants and causes a significant risk of jury confusion.

Plaintiff admits he is not an AKS lawyer and had no experience in this area of law, yet Plaintiff vehemently concludes that Defendants were engaged in criminal

behavior.  Plaintiff wants the jury to hear him give non-expert legal analysis and hear Defendants respond skeptically to some of that analysis.  Plaintiff characterizes this skepticism as "plot[ting] how to continue the criminal fraud without detection." (ECF No. 59, PageID.813.)  Plaintiff intends for the jury to believe in Plaintiff's legal analysis (even though Plaintiff acknowledges he is not an expert in this area of law) and take Plaintiff at his word.  For these reasons, the audio recordings pose a significant risk of unfair prejudice that outweighs any limited probative value they might have.

WHEREFORE, for the foregoing reasons, Defendants respectfully request that this Honorable Court enter an Order granting their Motion *in Limine* to Exclude Plaintiff's Unauthorized Audio Recordings.

Date: November 8, 2024                    Respectfully submitted,

DICKINSON WRIGHT PLLC

*By: /s/ David R. Deromedi*
David R. Deromedi (P42093)
Angelina R. Delmastro (P81712)
500 Woodward Ave., Suite 4000
Detroit, MI  48226
(313) 223-3500
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com
*Attorneys for Defendants*

## <u>CERTIFICATE OF SERVICE</u>

I certify that on November 8, 2024, I electronically filed the foregoing *Reply Brief in Support of Defendants' Motion in Limine to Exclude Plaintiff's Unauthorized Audio Recordings* with the Clerk of the Court using the ECF system, which will send notification of such filing to all parties of record.

*/s/ Colleen L. Maguire*

Legal Secretary
DICKINSON WRIGHT, PLLC
500 Woodward Avenue, Suite 4000
Detroit, Michigan  48226-3425
(313) 223-3500
cmaguire@dickinsonwright.com