# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

GREGORY PARRY,

        Plaintiff,

v.

HOSPICE OF MICHIGAN, INC., *a Michigan non-profit corporation*, et al.

        Defendants.

Case No. 2:22-cv-11328-DPH-DRG

Hon.  Denise Page Hood
Chief Magistrate David Grand

---

Sarah S. Prescott (P70510)
Annemarie Smith-Morris (P87221)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
(248) 679-8711
prescott@sppplaw.com
smith-morris@sppplaw.com

Kenneth M. Mogill (P17865)
MOGILL & LEMANSKI, PLLC
*Attorneys for Plaintiff*
27 E. Flint St., 2nd Floor
Lake Orion, MI 48362
(248) 814-9470
kmogill@bignet.net

David R. Deromedi (P42093)
Angelina Rose Delmastro (P81712)
DICKINSON WRIGHT PLLC
*Attorneys for Defendants*
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3048
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com

---

## PLAINTIFF'S EMERGENCY MOTION
## TO ENFORCE SETTLEMENT AGREEMENT

Plaintiff Gregory Parry, having reached a settlement during the Settlement

Conference on November 21, 2024, before Magistrate Judge David R. Grand, brings this Emergency Motion to Enforce Settlement Agreement, and states as follows:

1. The parties in this matter met pursuant to an Order of this Court a few business days before trial was set to commence, on November 21, 2024, to discuss settlement. All named parties were present and represented by counsel.

2. The parties worked with the Magistrate Judge for a full business day, negotiating both monetary and non-monetary terms of the settlement.

3. The parties reached a settlement.

4. The parties placed all material terms of the settlement on the record in open court, with the aid and assistance of their counsel. **Exh. A**, Transcript of Settlement Record.

5. The settlement agreement was not made conditional on any further act or agreement.

6. The settlement agreement involved material terms necessary to resolve the matter, including the exchange of consideration, mutual general releases of the parties, the amount of payment, the timing of payment (half within 30 days, or before December 21, 2024, and half on or about January 15, 2025), the exchange of personal property, and the removal of negative items in Plaintiff's personnel file. *See* **Exh. A**, p. 6-7.

7. The material terms evidenced a clear "meeting of the minds," as necessary to form a contract under Michigan law. *Kloian v. Domino's Pizza, LLC*, 733 N.W.2d 766, 770 (Mich. Ct. App. 2006) (finding meeting of the minds where the following essential terms of a settlement agreement were agreed upon: the payment of $48,000.00 by defendant in exchange for a dismissal with prejudice and a release); *Remark LLC v. Adell Broad.*, 817 F. Supp. 2d 990, 1003 (E.D. Mich. 2011), *aff'd sub nom. Remark, LLC v. Adell Broad. Corp.*, 702 F.3d 280 (6th Cir. 2012) (applying Michigan contract law and finding a meeting of the minds with regard to a settlement agreement where the parties agreed on material terms, namely: "(1) the payment of $50,000.00 to Remark, (2) no further use or displays of the WADL commercial, and (3) release of liability"); *Thomas v. Holy Cross Servs., Inc.*, No. 2:23-CV-12843, 2024 WL 4794502, at *2 (E.D. Mich. Nov. 14, 2024) (applying Michigan contract law; "The essential terms of a settlement agreement are payment in exchange for a release of claims and a dismissal of the case.").

8. The parties were orally polled as to their individual understanding and approval of the settlement. **Exh. A**, p. 8.

9. Each party through counsel and individually assented to be bound by the terms of the agreement as expressed on the record. **Exh. A**, p. 8.

10. Thereafter, on December 20, 2024 (one day before the latest possible time they could pay Plaintiff consistent with the settlement), the Defendants sought novation.

11. They proposed sweeping, material terms never discussed at any time between the parties, let alone agreed to at the time of settlement.

12. Plaintiff refused these proposals, demanded payment on time, and explained that time was of the essence in the payment terms explicitly negotiated and placed on the record.

13. At the same time, Plaintiff proposed concessions he would agree to (although never negotiated by Defendants, not placed on the record, and never discussed during negotiations), simply to facilitate resolution. In short, Plaintiff in good faith worked with defense counsel to reach a compromise novation.

14. Defendants refused these reasonable efforts, continuing to demand Plaintiff materially broaden the scope of the settlement.

15. Defendants breached their agreement when they refused timely to pay amounts due to Plaintiff in 2024. As a consequence, Plaintiff has suffered additional damages, as he will be liable for a significantly greater tax liability than if payment had been made as agreed upon and as Defendants were bound to do.

16.     At no time has any Defendant or their counsel claimed or asserted (nor could they accurately assert) that terms Defendants insist on were negotiated by the parties at the time of settlement.

17.     At no time has any Defendant or their counsel claimed or asserted (nor could they accurately assert) that the settlement of November 21, 2024, was not knowingly entered with assistance of counsel, nor that there was any defense to formation of the agreement.  There is none.  *Contrast with AT Law Group, PLLC v Allstate Ins Co*, No. 19-CV-13757, 2021 WL 4079275, at *4 (E.D. Mich. Sept. 8, 2021).

18.     The parties' agreement is a contract which this Court has the inherent power to enforce.  *Equal Emp. Opportunity Comm'n v. Pero Fam. Farms Food Co., LLC*, No. 1:23-CV-622, 2024 WL 4279444, at *1 (W.D. Mich. Sept. 9, 2024), *report and recommendation adopted*, No. 1:23-CV-622, 2024 WL 4277789 (W.D. Mich. Sept. 24, 2024); *Kukla v. National Distillers Prods. Co.*, 483 F.2d 619, 621 (6th Cir. 1973).

19.     Counsel requested concurrence in the relief sought on December 27, 2024.  Concurrence was not given as of this filing.

## **RELIEF REQUESTED**

Wherefore, Plaintiff moves this Court for an Order enforcing the settlement as agreed to on the record, including (a) issue a judgment in the amount of the

settlement, plus interest from November 21, 2024 through the date of full payment; (b) issue an order for the nonmonetary terms placed on the record, including without limitation, release of claims in the Plaintiff's favor; (c) order Defendants to pay Plaintiff an additional sum representing the increased tax liability for which he is liable as a result of Defendants' breach; (d) grant Plaintiffs' reasonable attorney fees and costs pursuant to 28 U.S.C. § 1927; and (e) retain jurisdiction and maintain the case as an open case until Defendants comply fully with the terms of the settlement agreement, including but not limited to payment in full to Plaintiff of the amount agreed to.

                              Respectfully Submitted,

                              SALVATORE PRESCOTT
                              PORTER & PORTER, PLLC

Dated: December 31, 2024       */s/ Sarah S. Prescott*_____
                              By:  Sarah S. Prescott (P70510)
                              Annemarie Smith-Morris (P87221)
                              Attorneys for Plaintiff
                              105 East Main Street
                              Northville, MI 48167
                              (248) 679-8711
                              *prescott@sppplaw.com*
                              *smith-morris@sppplaw.com*

                              and

                              MOGILL & LEMANSKI, PLLC
                              Kenneth M. Mogill (P17865)
                              Attorneys for Plaintiff
                              27 E Flint St, 2nd Floor

                                                         Lake Orion, MI 48362
                                                       (248) 814-9470
                                                       *kmogill@bignet.net*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY PARRY,

        Plaintiff,

v.

HOSPICE OF MICHIGAN, INC., *a Michigan non-profit corporation*, et al.

        Defendants.

Case No. 2:22-cv-11328-DPH-DRG

Hon.  Denise Page Hood
Chief Magistrate David Grand

---

Sarah S. Prescott (P70510)
Annemarie Smith-Morris (P87221)
SALVATORE PRESCOTT
PORTER & PORTER, PLLC
*Attorneys for Plaintiff*
105 East Main Street
Northville, MI 48167
(248) 679-8711
prescott@sppplaw.com
smith-morris@sppplaw.com

Kenneth M. Mogill (P17865)
MOGILL & LEMANSKI, PLLC
*Attorneys for Plaintiff*
27 E. Flint St., 2nd Floor
Lake Orion, MI 48362
(248) 814-9470
kmogill@bignet.net

David R. Deromedi (P42093)
Angelina Rose Delmastro (P81712)
DICKINSON WRIGHT PLLC
*Attorneys for Defendants*
500 Woodward Ave., Suite 4000
Detroit, MI 48226
(313) 223-3048
dderomedi@dickinsonwright.com
adelmastro@dickinsonwright.com

---

**PLAINTIFF'S BRIEF IN SUPPORT OF EMERGENCY MOTION TO ENFORCE SETTLEMENT AGEEMENT**

1

Plaintiff relies on the facts and authorities cited in his Motion, and the Court's supervening authority in this matter.

## **RELIEF REQUESTED**

For the foregoing reasons, Plaintiff respectfully requests that this Honorable Court grant his Emergency Motion to Enforce Settlement.

Respectfully Submitted,

SALVATORE PRESCOTT
PORTER & PORTER, PLLC

Dated: December 31, 2024        */s/ Sarah S. Prescott*_____
By:  Sarah S. Prescott (P70510)
Annemarie Smith-Morris (P87221)
Attorneys for Plaintiff
105 East Main Street
Northville, MI 48167
(248) 679-8711
*prescott@sppplaw.com*
*smith-morris@sppplaw.com*

and

MOGILL& LEMANSKI, PLLC
Kenneth M. Mogill (P17865)
Attorneys for Plaintiff
27 E Flint St, 2nd Floor
Lake Orion, MI 48362
(248) 814-9470
*kmogill@bignet.net*

2

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2024, I electronically filed the foregoing documents with the Clerk of the Court of the United States District Court for the Eastern District of Michigan using the Court's ECF system. Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.


Dated: December 31, 2024                         /s/ Annemarie Smith-Morris
                                                Annemarie Smith-Morris